## EDGAR *v.* GREER.

A judgment by confession entered by the clerk of the district court, in va-cation, as authorized by the statute, (Code, sec. 1837), if founded upon a sufficient written statement of the party, verified by his oath, and filed with the clerk, becomes, when read, approved and signed by the judge, at the next term of the court, (Code, sec. 1578), the judgment of the court in the same sense as any other final adjudication, in any other cause.

A judgment by confession, though entered by the clerk, is not to be treat-ed as a judgment rendered by him, but by the court; and is subject to revision in the appellate court in the same manner as any other judg-ment of the district court.

Errors assigned which affect only the form in which the judgment is enter-ed, or which ought to be considered as waived by the consent of the de-fendant, will not be considered by the appellate court.

To authorize the clerk of a district court to enter a judgment by confes-sion, the provisions of the statute must be strictly pursued.

Where it is sought to obtain a judgment by confession, without action, up-on a promissory note, the statement in writing of the defendant, upon which the judgment is to be entered by the clerk, must state the man-ner in which the indebtedness arose, to secure the payment of which the note was executed, and that the amount named is justly due, otherwise, the clerk possesses no authority to enter the judgment.

A written statement of a defendant, upon which judgment is to be enter-ed by the clerk, without action, upon a promissory note, which merely describes the promissory note, and states that the amount named is due, is insufficient to authorize the clerk to enter the judgment.

Where a party confesses judgment, as provided by chapter 107 of the

Code, and judgment has been entered in conformity with the confession, the defendant, on appeal, may object that the statement required to be made by him, is insufficient to warrant the entry of judgment by the clerk.

*Appeal from the Hardin District Court.*

WEDNESDAY, OCTOBER 27.

JUDGMENT BY CONFESSION. The statement of the defendant, which was filed with the clerk of the district court, on the 28th of April, 1857, reads as follows:

" Know all men by thess presents, That I, Allen Greer, do hereby acknowledge that on the 11th day of August, A. D. 1855, I executed my promissory note to Dawson and Waggoner, for the sum of seven hundred and sixty-seven dollars and thirty-nine cents, payable two hundred and ninety-five days after date, which note they assigned to A. M. Cassady, Dec. 27th, 1856, and on the same day he assigned the same to William S. Edgar, and there is now due on said note, this 27th day of April, A. D. 1857, the sum of seven hundred and forty-nine dollars and eighty-two cents; but this is not to prejudice any claim I have against Dawson & Waggoner. And I, Allen Greer, do hereby confess judgment in favor of the said William S. Edgar for the said sum of $749,82, and order the clerk of the district court of Hardin county, Iowa, to render up judgment in favor of said William S. Edgar, and against me, for the said sum of $749,82; and I further order a stay of execution on this said judgment, until the close of a regular session of the district court next to be holden, and that is actually held in said Hardin county; and this confession is made upon consideration of such a stay of execution; and I do hereby append a copy of said note as follows—said note to be filed in court:

' $769,39.                                    Aug. 11th, 1855.

Two hundred and ninety-five days after date, I promise to pay to the order of Dawson & Waggoner, seven hun-

dred and sixty-seven dollars and thirty-nine cents, with ten per cent. interest after due—value received—without defalcation or discount.                    ALLEN GREER.'

I, Allen Greer, do make oath and say, that the matters and things stated and herein set forth, are true, and that this confession of judgment is made in good faith and sincerity.                    ALLEN GREER.

Subscribed and sworn to, this 27th day of April, 1857.
                    ELLIS PARKER, County Judge."

Upon this statement, the clerk, upon the same day, after reciting the statement of facts, entered a judgment, as follows: "It is therefore by me ordered and adjudged, that the plaintiff, Wm. S. Edgar, have and recover of the said Allen Greer, the said sum of seven hundred and forty-nine dollars and eighty-two cents, with costs of this suit; and that the defendant have a stay of execution till the close of the next regular court actually held in said county.                    J. D. GOURLAY, Clerk."

It further appears from the transcript, that the original note on which the judgment was rendered, was filed in the office of the clerk of the district court, on the first day of January, 1858. The defendant appealed from the judgment, and assigns for error the following:

1. The statement is not verified by the oath of the defendant.

2. The statement does not state concisely the facts out of which the indebtedness arose, and that the sum confessed was justly due.

3. The note described in the statement, was never filed in court, as stipulated in said confession.

4. The judgment is rendered and signed by J. D. Gourlay, clerk of the district court, and it is not approved and signed by the judge of the said court.

*H. C. Henderson* and *A. Greer*, for the appellant.

*Wm. H. Seevers* and *E. W. Eastman*, for the appellee.

STOCKTON, J.—A judgment by confession entered by the clerk of the district court in vacation, as authorized by the statute, (Code, section 1837), if founded upon a sufficient written statement of the party, verified by his oath, and filed with the clerk, becomes, when read, approved, and signed by the judge at the next term of the court, (Code, section 1578), the judgment of the court, in the same sense as any other final adjudication, in any other cause. Though entered by the clerk, it is not to be treated as a judgment rendered by him, but by the court, and is subject to revision in this court in the same manner as any other judgment of the district court.

Consent tolerates error; and we will not enter into the consideration of any errors assigned, which affect only the form in which the judgment is entered, or which ought to be considered as waived by the consent of the defendant.

The Code prescribes the manner in which judgments by confession may be entered by the clerk of the district court. The confession must be for a specific sum; and if for money due, or to become due, a statement in writing must be made and signed by the defendant, verified by his oath, and filed with the clerk, setting forth concisely the facts out of which the indebtedness arose, and that the sum confessed is justly due, or to become due, as the case may be. Code, section 1839.

All the power which the clerk of the district court has to enter judgment by confession, is given by the section above cited; and without expressing any opinion, whether the power and authority of the district court in session are restricted by it, we are of opinion, that in order to enable the clerk of the district court so to enter judgment, the provisions of the statute must be strictly pursued.

The statement in writing on which the judgment in this instance is founded, does not set forth concisely, nor in any mode, the facts out of which the indebtedness arose; nor does it state that the sum confessed for judgment, is justly due. It is not sufficient to state that the sum is due upon a promissory note executed by the party. It must state

the manner in which the indebtedness arose, to secure the payment of which the note was given; and it must state that the amount is justly due, otherwise the clerk has no authority to enter the judgment.

A doubt has been suggested to the minds of the court, whether it should be permitted to the defendant, after judgment has been entered in conformity to the confession, to object upon appeal, that the statement required to be made by him, is insufficient to warrant the entry of judgment by the clerk; and, saying nothing of its validity, as to creditors whom it might have been intended to defraud, whether it is not, as between the plaintiff and defendant, a judgment which the latter cannot question the authority of the clerk to enter, even though the statement does not conform to the requirements of the statute.

It has been held by this court, that although the confession of judgment is a waiver of formal errors, it does not prevent the defendant from objecting to errors of substance; as if the power of attorney authorizes the entering of judgment for a particular sum, and the judgment be actually entered for a larger sum. *Battelle* v. *Bridgeman*, Morris, 363. We think that upon authority, the defendant is also authorized to object to the defectiveness of the power, or warrant of attorney; or, as in this instance, that the statement required by the statute to be filed in writing was insufficient. *Gambia* v. *Howe*, 8 Blackford, 133; *Brown* v. *Little*, 9 Ala., 416.

In New York, the statute of 1818, required that the party confessing judgment, should specify the nature and consideration of the debt on which the judgment is entered. It was held in *Lawless* v. *Hackett*, 16 Johnson, 148, that a statement by the defendant, that " the bond was given for divers goods, wares and merchandise, sold and delivered by the plaintiff to the defendant. And also, for money lent and advanced by the plaintiff to the defendant, at various times "—was too general, and the judgment was set aside. The specification, it was held, should be so particular and precise as to apprize all persons interested, of the nature

and consideration of the debt. A statement as general as the common courts, in a declaration, was held not sufficient; it ought to be as special and precise as a bill of particulars.

In *Chappel* v. *Chappel*, 2 Kernan, 215, the question arose under a statute similar to our own, requiring the defendant to state concisely, "the facts out of which the debt arose, and that the sum confessed for judgment, is justly due." The court says: "The Code demands something more than an oath to the justice of the debt; it requires, what to a dishonest debtor is far more difficult and embarrassing—a statement of the facts out of which it arose. He could swear, perhaps, that he was justly indebted, because the bond, if executed for a fraudulent purpose, was, as between him and the obligee, conclusive, notwithstanding." * * * "The statute looks not to the evidence of the demand, but to the facts in which it originated; in other words, to the consideration which sustains the promise. The law requires this to be concisely set forth in the statement, which is to form a part of the record; and in this way, only, does the provision furnish any additional security to creditors, against a fraudulent combination of the parties to the judgment."

In the case last cited, the application was to the court to set aside the judgment, by a creditor of the defendant, who held a younger judgment. The court of appeals held that the supreme court rightfully exercised an admitted power, in setting aside the judgment by confession, for the reasons above given.

Though the question as to the exercise of such a power, does not arise in this case, we see no objection to its exercise by the district court, in a case calling for it. But, as the question in this case, arises more properly, as to the power and authority conferred upon the clerk, by the writ, ten statement and confession of defendants, we think the defendant was entitled to raise that question on this appeal.

Judgment reversed.