KENNEDY V. LOWE AND CREEL.

1. CONFESSION OF JUDGMENT. Where a confession of judgment on a promissory note recited that it "was given in good faith for a debt justly due to said plaintiff, and that the same is unpaid," *Held,* that the statement of facts out of which the indebtedness arose was insufficient, and as to the creditors of defendants was void.

2. SAME. The defendant may take advantage of such defect in the confession of judgment. A judgment rendered on a defective statement of the facts out of which the indebtedness arose, will be reversed by this court, though the defendant made no application to the court below to set the same aside.

3. *Edgar* v. *Greer,* 7 Iowa 136, cited and followed.

*Appeal from Lee District Court.*

THURSDAY, NOVEMBER 3.

JUDGMENT by confession, on a promissory note. The statement under oath upon which judgment was rendered, described the note and recited that "said note was given in good faith for a debt justly due said Kennedy, and is unpaid, and this confession of judgment is given without fraud." The defendant appeals.

*Turner & Craig* for the appellants.

*Clagett, Brown & Clagett* for the appellee.

STOCKTON, J.—The statement in writing on which the confession of judgment was made was insufficient. It did not give the court jurisdiction to render the judgment. The statute requires that the parties desirous of confessing judgment shall state concisely the facts out of which the indebtedness arose, and that the sum confessed for judgment is justly due. It was not sufficient in this instance that the defendants made oath that the "note was given in good faith for a debt justly due to said plaintiff and that the same is unpaid."

The provision was no doubt enacted for the benefit of cred-

Kennedy v. Lowe, and Others.

itors, to prevent the confession of judgments fraudulently, and to furnish the means of ferreting out frauds.

Under a similar provision in the statutes of New York, it has been held that where a judgment is confessed without a compliance with the law, it was to be deemed fraudulent and void as to other judgment creditors of the defendant. *Van Beck* v. *Sherman*, 13 Howard Pr. R. 472; *Dunham* v. *Waterman*, 3 Smith 9. So in *Chappell* v. *Chappell*, 2 Ker. 215, it was held that the creditors were entitled to the facts out of which the indebtedness arose; that the statute looks not to the evidence of the demand, but to the facts in which it originated; in other words, to the consideration which sustains the promise.

The cases in New York have mostly arisen where the creditors of the party confessing the judgment have sought to have the same set aside as fraudulent. In that state it has always been allowed where the written statement required is defective. A failure to state the facts out of which the indebtedness arose, has been held to be not merely an irregularity, but a matter of substance, rendering the judgment void. See the authorities cited.

The question is not, however, an open one in this State. It has been decided in *Edgar* v. *Greer*, 7 Iowa 136, that unless the written statement is in conformity to the requirements of the statute, the defendant may himself take advantage of the defect and have the judgment reversed, and that without first applying to the District Court to set the same aside.

The second ground of error alleged, is entering the judgment at the September term of the District Court, when the same was authorized to be entered at the February term, 1858. This point it will not be necessary to consider, as the case is fully disposed of in the other point.

Judgment reversed.