## EDGAR v. GREER, *et al.*

1. CONFESSION OF JUDGMENT. A judgment by confession is a nullity when the power authorizing the entry thereof is not in strict conformity with the requirements of the statute.

2. SAME AS A BAR.   A judgment by confession on an insufficient power, is not, after it has been reversed in the appellate court, a bar to another suit on the same cause of action, though it was upon reversal remanded to, and at the time the second action was commenced, was nominally pending in, the court below.

3. SAME.   An insufficient statement for a confession of judgment can not be amended so as to give the clerk power to render a second judgment, either in term time or vacation, after the first judgment has been decided void by the Supreme Court.

*Appeal from Mahaska District Court.*

FRIDAY, JANUARY 6.

ACTION on a promissory note against maker and indorsers. The maker pleads that after the indorsement of the note, and after the same became due and before the commencement of this suit, in the District Court of Hardin county, the plaintiff impleaded the defendant Greer of and for the same identical note and cause of action mentioned and described in plaintiff's petition, and such proceedings were had that the plaintiff by the consideration and judgment of said court recovered against the defendant by confession in vacation, (before the clerk of said District Court,) a judgment for the full amount of said note and interest.

The plaintiff replied to this answer, that after said confession of judgment, the record and proceedings referred to, were taken by appeal to the Supreme Court of the State of Iowa, by said defendant, and at a term of said court held at Des Moines, on the 14th of December, 1858, it was adjudged by said Supreme Court, that the said judgment and proceedings referred to in said answer, be reversed and set aside.

A demurrer to this replication was sustained by the District Court, for the reason that the same does not show that said action has been finally determined, but shows that the same is still pending in the said District Court.

*Seevers, Williams & Seevers* for the appellant.   The judgment of the District Court of Hardin county was rendered without jurisdiction of the parties.   In cases in which a

court attempts to acquire jurisdiction, not by the ordinary methods, but by special statutory powers, the proceedings will be void if the powers are not strictly followed, and no presumption in favor of such jurisdiction prevails.  1 Smith L. C. 708; *Cooper* v. *Sunderland*, 3 Iowa 114; *Deming* v. *Cowin*, 11 Wend. 647; *Sharp* v. *Speer*, 4 Hill 76; *Striker* v. *White*, Ib. 11; *Bloom* v. *Burdick*, 1 Ib. 130.  The District Court is bound to examine and pass upon the jurisdictional facts presented in the record.   *Gaylord* v. *Scharff*, 6 Iowa 182; *McGahen* v. *Carr*, Ib. 331; *Schafer* v. *Gates et ux.*, 2 B. Mon. 453; *Campbell* v. *Brown*, 6 How. (Miss.) 106; *Given* v. *Carroll*, 1 Smed. & M. 354; *Enos* v. *Smith*, 7 Ib. 85.

The judgment pleaded in defendant's answer has been declared by this court a nullity for the reason that the District Court acquired no jurisdiction, and it cannot be now interposed as a bar to this action.  *Blino* v. *Campbell*, 14 John. 432; *Borden* v. *Fitch*, 15 Ib. 121; *Wells* v. *Martin*, 19 Ib. 33; *Walls* v. *Willard*, 2 Mass. 121; *Slocum* v. *Wheeler*, 1 Conn. 445; *Close* v. *Stewart*, 4 Wend. 95; *Onderdook* v. *Randall*, 3 Hill 523; *Smock* v. *Graham*, 1 Blackf. 314; *Wise* v. *Withers*, 3 Cranch 331; *Elliott* v. *Piersol*, 1 Pet. 340; *Ex parte Balch*, 3 McLean 222; *Edgar* v. *Greer*, 7 Iowa 135.

*John A. Crookham* and *Z. T. Fisher* for the appellee, reviewed the authorities cited by the appellant, and denied their applicability to the case at bar.

STOCKTON, J.—The question in this case is, whether the facts alleged in plaintiff's replication were a sufficient avoidance of the matters of abatement pleaded by defendant.  In other words, whether the judgment and decision of this court on defendant's appeal from the confession and entry of judgment before the clerk of the District Court of Hardin county, as set up in the replication of plaintiff, were a sufficient answer to the plaintiff's plea in abatement.

The power of attorney under which the judgment against the defendant, Greer, was entered up by the clerk of the District Court of Hardin county, is set out in the pleadings.

This power was held by this court to be invalid, and to confer no authority on the clerk to enter up the judgment; and the judgment rendered was reversed and the cause remanded to the District Court for further proceedings not inconsistent with the opinion of this court.

It is to be observed that although the cause is remanded to the District Court for further proceedings, yet the opinion rendered in this court disposed of all the questions arising on the power of attorney, under which the confession of judgment was made; and although by the order remanding the cause, the parties were recognized as still nominally in the District Court, yet the plaintiff was then virtually without any cause of action. The decision of this court, that the power of attorney conferred no authority on the clerk to enter up judgment against defendant, left nothing in fact possible to be done in the District Court, on the return of the cause to that court. The plaintiff could not amend his power of attorney, or supply its defects, so as to give the clerk power, either in vacation or in term time to render a judgment against the defendant.

The proceeding in confession of judgment is a special one under our statute. All the authority the clerk has to render judgment on confession, is given by the statute; and unless its provisions are strictly complied with, the power of attorney under which the clerk acts is a nullity. *Edgar v. Greer,* 7 Iowa 135. We are of opinion therefore that the cause upon the confession of judgment before the clerk of the District Court, was fully and finally disposed of by the judgment and decision of this court, and the demurrer to the replication should have been overruled.