## BERNARD & CO. v. DOUGLAS & WATSON.

1. CONFESSION OF JUDGMENT. A statement for a judgment by confession which recites that the consideration of the demand on which it is based is a promissory note, which " was given the plaintiff for a balance due on settlement," is insufficient, and a judgment entered thereon is void.

2. SAME: MOTION. An invalid judgment by confession may be set aside on the motion of a junior judgment creditor, after notice to the plaintiff.

3. SAME. Judgments by confession fully considered and discussed, and *Edgar* v. *Greer*, 7 Iowa 136, and other authorities cited and followed.

*Appeal from Benton District Court.*

SATURDAY, APRIL 14.

On the 28th day of February, 1859, one J. W. Plummer filed in the office of the clerk of the District Court of Benton county, a statement for a judgment by confession, in favor of Douglas & Watson. A judgment was entered by the clerk upon the judgment docket of said court. On the 11th day of March, 1859, the record of this judgment by confession, which had been made by the clerk in vacation, was approved and confirmed by the judge of the District Court, in open court, and this judgment became a lien upon the property of Plummer. On the 6th day of March, 1860, the plaintiffs, Bernard & Co., obtained a judgment against said Plummer, in the District Court of Benton county, and at the same term filed their petition in this cause, asking the court to set aside the judgment by confession above mentioned, and that the same be declared fraudulent and void. The court refused the application and rendered a judgment for defendants for costs. The plaintiffs appeal.

*Shane & McCartney* for the appellants, relied upon *Van Beck* v. *Sherman*, 13 How. Pr. R. 472; *Bonnell* v. *Henry et al.*, Ib. 142; *Johnson* v. *Fullerman*, Ib. 21.

*I. M. Preston* for the appellee.

BALDWIN, J.—It is insisted by the appellants, that the judgment confessed by Plummer was not made in compliance with the requisites of the statute, regulating the entry of judgments by confession, and is therefore void, and the court erred in refusing to sustain the motion to set the same aside. Two objections are made to the validity of this judgment by confession : 1st. That the statement of facts filed by Plummer at the time of the confession does not sufficiently show out of what the indebtedness arose. 2d. That it does not appear that the amount for which the judgment was confessed was justly due, or to become due.    Under the provisions of chapter 107 of the Code, a judgment by confession may be entered by the clerk of the District Court in vacation, but before the judgment can be thus entered, a statement in writing must be made and signed by the defendant and verified by his oath to the following effect, to-wit : "If for money due or to become due, it must state concisely the facts out of which the indebtedness arose, and that the sum confessed therefor is justly due, or to become due as the case may be." The statement made by Plummer in this case, setting forth the facts out of which the indebtedness arose, is as follows, to-wit :

" That on the 25th day of February, 1859, said John W. W. Plummer executed and delivered to said plaintiffs, (Douglas & Watson) his certain promissory note, for the sum of twelve hundred and fifty-eight dollars and fifty cents, payable six months after date, with ten per cent interest after maturity, which said note is hereunto attached, and that said note was given for the balance due said plaintiff on settlement.

(Signed,)    JOHN W. PLUMMER.

This statement was properly sworn to, and accompanied by

the usual authority to the clerk to enter up the judgment thus confessed. In the case of *Lawless* v. *Hacket*, 16 John. 149, under a statute similar to the one under which this confession was made, it was held that the specification ought to be so particular and precise as to inform all persons interested of the *nature* and *consideration* of the debt. A statement as general as the common counts in a declaration is not sufficient. It ought to be as special and precise as a bill of particulars. In the case of *Dunham* v. *Waterman*, 3 Smith N. Y. R. 9, it was held that a mere statement that the note was given upon a settlement of accounts conveys no information of any value. Something at least should be stated as to the nature of the account and the time when it accrued. In *Chappel* v. *Chappel*, 2 Ker. 215, it was held that "the statute looks not to the evidence of the demand, but to the facts in which it originated. The law requires these to be concisely set forth in the statement which is to form part of the record, and in this way only does the provision furnish any additional security to creditors against a fraudulent combination of the parties to the judgment." In the case of *Edgar* v. *Greer*, 7 Iowa, 136, it was held that the statement in writing upon which the judgment is to be entered by the clerk, must state the manner in which the indebtedness arose to secure the payment of which the note was executed. The object of this provision of the Code is to advise other creditors of the nature and character of the indebtedness of the party confessing, so that they may know that such confession was not a combination of the parties to create liens and incumber the property of the defendants, to defraud and to delay the collection of debts. Can any creditor be advised from this judgment of the character of the indebtedness of Plummer to these defendants? We think not. It merely states that it was for a balance due. Neither does the statement show that the amount for which the judgment was confessed was "justly due." This was held by this court in the case of *Edgar* v. *Greer*, to be necessary, and we think that ruling correct. The clerk of the District

Court is a ministerial officer, and has no power to render judgment unless expressly authorized to do so by the Statute. He has power to enter up judgment in vacation only upon the statement being made as is required by law; and any judgment entered by him without authority of law has no effect, especially as to the rights of third parties. The statement of Plummer, in this confession, not being made in conformity with the provisions of the law, we regard the judgment thereon as illegal, and that the rights of third parties should not be affected thereby. The second question then presented for consideration in this case, is whether a subsequent judgment creditor can take advantage of this omission, and have the same set aside upon motion; or whether he must resort to a court of chancery for that purpose. Upon this point we could not but have some hesitation in holding as we do, were we unsupported by authority. The application is made in form of a petition to the court, and by service of notice upon the defendants. In the case of *Chapel* v. *Chapel*, 2 Ker. N. Y. R. 222, above referred to, upon this subject the court says: "Keeping in view the intent of the statute to prevent fraudulent practices by debtors to shield their property, by creating fictitious liens upon it, by means of judgments confessed to confidential friends, it is clear that the more summarily the fraud can be reached by an adverse claimant, the less will be the temptation to resort to this as a means of fraud. The court has control over its own judgment, and for cause shown may amend or set them aside; and when there is a judgment, which the law deems fraudulent, in the way of a valid judgment, there is no objection in allowing the party interested in enforcing the subsequent judgment to come in by motion and remove the obstacles in his way." In the case of *Edgar* v. *Greer*, 7 Iowa 136, the court in their opinion, say upon this subject: "though the question as to the exercise of his power, does not arise in this case, we see no objection to its exercise by the District Court in a case calling for it. In the case of *Dunham* v. *Waterman*, 3 Smith's N. Y. Rep. 15, the court

held "that if the judgment is defective for the reason assigned, there is no doubt of the right of plaintiff to institute suit for the purpose of setting it aside. So far as the judgment itself is concerned the object might have been obtained by a mere motion."

The judgment by confession in this case being without authority of law, and illegal and void, and remaining upon the records of the court unsatisfied, and the rights of younger judgment creditors being prejudiced thereby, and the defendants being duly advised by notice and petition of the character of the application to set the same aside, we think that the court should have made an order setting it aside, as asked in the plaintiffs' motion.

The ruling of the District Court is reversed and the cause remanded.