## PLUMMER v. DOUGLAS & WATSON.

1. CONFESSION OF JUDGMENT VALID AS BETWEEN THE PARTIES. A statement for a judgment by confession, in which the defendant admits that a sum certain is due to the plaintiffs, estops the defendant from denying the validity of the judgment rendered thereon, notwithstanding such statement may be defective in not setting out concisely the consideration of such indebtedness.

*Appeal from Black Hawk District Court.*

FRIDAY, OCTOBER 17.

THE complainant confessed a judgment in favor of the respondents Douglas and Watson, before the clerk of the District Court of Benton county. The statement of facts out of which the indebtedness arose is fully set forth in the opinion of this court in the case of *Bernard & Co.* v. *Douglas & Watson*, reported in 10 Iowa, p. 370.

A transcript of this confessed judgment was filed with the clerk of the District Court of Black Hawk county, upon which an execution was issued and returned wholly unsatisfied. Upon the application of Douglas and Watson, supported by proper affidavits, &c., as required by statute, the defendant Couch, as the county judge of Black Hawk county, issued an order, requiring the complainants to appear before him, at a time therein stated, to be examined under oath, as to the property he owned subject to execution. Prior to the day fixed for hearing under this order, the complainant filed his bill in chancery, and obtained an injunction restraining the defendants from taking any further action for the purpose of collecting said confessed judgment. Upon hearing, the injunction was made perpetual. Respondents appeal.

*C. H. Conklin* for the appellant. The making and filing of a written and verified statement for confession of judgment, whereby the defendant admits an indebtedness, and

authorizes the clerk to enter judgment against him for a given amount, although the statement may not be sufficient as to the creditors of the defendant; yet it confers jurisdiction on the court, and as to the party thus confessing it is valid and binding, or at most, is *voidable* only. If void, it cannot be attacked collaterally. *Van Kellar* v. *Muller*, 3 Abb. Pr. R., 375; *Neusbaum* v. *Keim*, 7 Id., 23; *Beekman* v. *Kirk*, 15 How. Pr. R., 228; *Leaving and Mead* v. *Brinkerhoff et al.*, 5 John. Ch., 329; *Griffin* v. *Mitchell*, 2 Cow. R., 548; *Vanfleet* v. *Phillips*, 11 Iowa, 558; *Lawless* v. *Hackett*, 16 John., 149. This question was not directly presented in *Edgar* v. *Greer*, 7 Iowa, 136; *Troxel* v. *Clarke*, 9 Iowa, 201; *Barnard & Co.* v. *Douglas & Watson*, 10 Iowa, 370; *Vanfleet* v. *Phillips*, 11 Id., 558, and has never been expressly decided by this court.

*I. M. Preston & Son* for the appellee, relied upon the cases in the Iowa reports reviewed by the counsel for the appellant.

BALDWIN, C. J.— It was held by this court in the case of *Bernard & Co.* v. *Douglas & Watson*, 10 Iowa, 370, that the statement of facts upon which this judgment was confessed was defective, and the judgment thereon void, at least as to the rights of other creditors. The question now presented is, whether it is void as against the complainant, who was the defendant in the judgment confessed.

Judgments by confession are closely scrutinized, and their validity more frequently questioned than any other kind of legal proceedings. The design of the statute authorizing such judgments is altogether proper, but those who desire to overreach their creditors, to cover their property by prior incumbrance resort to this mode of creating liens more than to any other.

The validity or invalidity of such judgments as against the rights of third parties, where the statute has not been strictly complied with, has been frequently brought to the attention of this court, and the law controlling the rights of such parties fully settled.

The question as to the validity of such judgments between the parties, when the statute has not been substantially complied with in respect to the statement of facts out of which the indebtedness arose is in this case fairly presented.

In the case of *Edgar* v. *Greer*, 7 Iowa, 136, the statement of facts out of which the indebtedness arose, was held to be defective, and the judgment entered thereon was reversed. The court do not undertake to say that the judgment was void. It is in substance held that where there is a substantial error in the manner of the confession that the defendant can appeal, that by his confession he is not estopped from gainsaying the correctness of the judgment, or asking of this court its reversal.

In *Kennedy* v. *Lowe and Crub*, 9 Iowa, 580, it was held that where the statement of facts was not such as was contemplated by the provisions of the statute, that the judgment confessed thereon was void as to the creditors of defendant, and the right of the defendant to take advantage of such defect upon appeal is, as in *Edgar* v. *Greer*, clearly recognized. In neither of these cases is it assumed by the courts, that the judgment is void.

In the case of *Bernard & Co.* v. *Douglass & Watson*, 10 Iowa, 370, the statement of facts was held to be insufficient to authorize such a judgment as would prejudice the rights of third parties. The validity of the judgment as against the party making the confession, was not before us. *Bernard & Co.*, as creditors of the defendant, moved to set the judgment aside, claiming that as against them the judgment was fraudulent and void, for the reason that they

were not advised of the nature of the indebtedness upon which the confession was made.

While the language of the opinion would seem to indicate that a confession of judgment made upon a defective statement of facts was without authority of law and void, yet it will be remembered that the validity of the judgment as against the party making the same, and the rights of the plaintiff in the confession as against the defendant was not before the court for consideration. The judgment was declared void only so far as third parties were concerned.

In the case of *Vanfleet* v. *Phillips et al.*, 11 Iowa, 558; this court held that the statement of facts upon which each of the several judgments were confessed was sufficient. In the opinion, my associate, Judge WRIGHT, appears to entertain grave doubts as to the correctness of the decision in *Edgar* v. *Greer*, and *Kennedy* v. *Lowe and Crub*, in so far as they assume to treat such judgments as entirely void, and follows with a remark which clearly indicates his opinion as to validity of such judgments between the parties thereto.

As above stated, we do not think that the court in the case of *Edgar* v. *Greer*, or *Kennedy* v. *Lowe and Crub*, decided that the judgments in those cases were entirely void. What the effect of such judgments would have been as between the parties had they not been appealed from, was not passed upon.

In the case of *Churchill et al.* v. *Lyons*, 13 Iowa, 431, the statement was held to be insufficient under the statute, yet this court held that the judgment thereon was valid, and effective as against Lyon, for the reason that the confession was made in open court, and not in vacation.

The question as to whether judgment thus entered, where the statements are defective, are void as between the parties, seems to be unsettled by this court.

The provision requiring the party confessing to show in his statement, the facts out of which the indebtedness arose,

was calculated to guard against judgments by collusion between the parties, but it was never designed that the defendant should take advantage of his own omission or intended wrong. As between the parties where the defendant swears that a certain sum is due, and he consents to the rendition of a judgment for that amount, the necessity for such a statement ceases to exist.

We are also of the opinion that the defendant, after having sworn to a sum certain as due to the plaintiff, and consenting to the rendition of a judgment for such sum, is estopped from denying the validity of a judgment, which by his own acts he has induced the plaintiff to obtain.

COWEN, Justice, says, in the case of *Dezell* v. *Odell*, 3 Hill, 219, "We have then a clear case of an admission by the defendant intended to influence the conduct of a man with whom he was dealing and actually leading him into a line of conduct which must be prejudicial to his interest, unless the defendant be cut off from the power of retraction."

"As a general rule, a party will be concluded from denying his own acts and admissions which were expressly designed to influence the conduct of another, and did so influence it. And where such denial will operate to the injury of the latter." See opinion of NELSON, Ch. J., *Welland Canal Company* v. *Hathaway*, 8 Wend., 483.

Reversed.