STONE *vs.* WILLIAMS and others.

The omission to annex an affidavit to a confession of judgment, in a justice's
court, as required by the statute, renders the judgment void as to *creditors*,
only. It is valid and binding upon the *defendant*, notwithstanding such
omission.

A justice of the peace has the same authority to receive a confession of judg-
ment at the defendant's house, in the town of the justice's residence, as he
has to receive it at his own house.

And if the defendant appears before the justice at the former place and signs
the confession in his presence, the presence or absence of the justice's dock-
et, at that time and place, will not affect the jurisdiction of the justice.

ACTION of debt upon three judgments entered upon con-
fession of the defendants, before a justice of the peace,
for $243.58, $190.47 and $190.47, respectively. The con-
fessions were in writing, signed in the presence of the justice,
in the town of his residence, 3 or 4 miles from his dwelling
house, and at the house of the defendants. They were signed
on the same occasion, and the names of both defendants
signed to two of the confessions by one of the defendants, in
the absence of the other. The latter came in and ratified
the signing of his name to the two confessions ; and both de-
fendants signed the third confession. There was no affidavit
annexed to either of the confessions or made by the defend-
ants. The justice returned home and entered the judgments
in his docket, and gave the plaintiff transcripts, the same day,
and on the next day, learning that affidavits were required
by statute, returned and requested the defendants to make
the necessary affidavits, and they refused. On the trial, be-
fore MORGAN, J. judgment was given against the plaintiff, on
the ground that the judgments were a nullity. From this
judgment the plaintiff appealed to the general term.

*C. D. Adams,* for the appellant.

*A. J. Mereness,* for the respondent.

*By the Court,* ALLEN, J.  The docket of the justice did not show the facts necessary to his jurisdiction.  It merely stated the names of the parties plaintiff and defendant, the fact of the rendition of the judgment, and its date, with the amount of damages and costs, severally, and the sum total of the judgments.  But the statutory requirements in relation to the entries in the docket are merely directory, and a non-compliance with them does not vitiate the judgment; and the jurisdictional and other facts may be proved aliunde. (*Barnes* v. *Harris,* 4 *Comst.* 385, *per Bronson, J. and cases cited. Humphrey* v. *Persons,* 23 *Barb.* 313.)

The defendant does not claim any benefit from any supposed defect in the docket, but insists that the confessions were void for a non-compliance with the statute; and this is the only question made upon this appeal.  It seems that before there were any statutory provisions for that purpose, a practice had grown up of taking judgments by confession before justices of the peace; and the regularity of the practice and the validity of the judgments were recognized.  See the history of the practice and the cases cited by Savage, Ch. J. in *Griffin* v. *Mitchell,* (2 *Cowen,* 548.)  In 1818 express authority was conferred upon justices of the peace to enter judgments by confession, and the practice was so far regulated by statute as to require the defendant to set forth the items of the demand, and make oath to the *bona fides* of the indebtedness.  And the statute declared that any judgment entered by confession, where the defendant should not comply with the provisions of the act should be void.  (*Laws of* 1818, *p.* 80, §§ 6, 7, *ch.* 94.)  The provision was substantially re-enacted in 1824, with a proviso that a non-compliance with the provisions of the act should not affect the right or title of any bona fide purchaser of any goods or chattels, lands or tenements, under any such judgment. (*Laws of* 1824, *p.* 280, *ch.* 238, §§ 13, 14.)  The case of *Griffin* v. *Mitchell,* (*supra,*) was decided under the act of 1818, in 1824, but before the passage of the statute of that year. A judgment had in that case been entered by a justice of the

peace, upon the confession of the defendant (plaintiff in that suit) without a compliance with the statute as to the statement and affidavit, and the defendant in the judgment had been arrested upon an execution against his body, and had brought an action for false imprisonment, against the party causing the arrest, and the court sustained the justification of the defendant in that action, under the judgment by confession. The decision was that the omission of the statement and the oath rendered the judgment void as to creditors only, but that it was valid and binding upon the defendant. The reasoning of the court is entirely conclusive, and if the decision was not of itself and upon the principle of *stare decisis* binding upon us, the argument of the learned chief justice would carry conviction with it. He gives effect to the statute according to the evident intent of the legislature; that is, for the benefit of creditors. " The act was calculated to guard against judgments entered by collusion between the parties; but never meant that the defendant should take advantage of his own wrong by setting it aside, nor to change well settled rules of law." If the judgment had been a nullity, as is claimed here, the justification would have failed, and all concerned in the arrest would have been trespassers. The principle of this decision has been incorporated into the present statute and the proviso of the act of 1824 extended. The statute now is that judgments confessed without a compliance with the provisions of the act shall be void as against all persons except a purchaser in good faith &c. and " except the defendant making the confession." (3 *R. S. 5th ed.* 444, § 106.) The revisers, in their note to this section, say: "Conformable to 2 Cow. 548." Thus we have the legislative sanction to the judicial interpretation of the act of 1818. Again, the exception of the defendant in the judgment from the operation of the statute declaring the judgment void and making it void as to all other persons, necessarily makes the judgment valid as against the defendant. It is necessarily valid as to all except those as to whom it is made void. *Tenny* v. *Fi-*

*ler,* (8 *Wend.* 569,) is not adverse to this view of the effect of the statute. It was an attempt to enter judgment upon the authority of a casual direction given in the street, without a statement of the amount or any appearance of the parties. The justice had the same authority to receive the confession here as he would have had at his own house; and it was not an attempt to acquire jurisdiction by the voluntary appearance of the parties. The defendants did appear before the justice and sign the confessions in his presence. The presence or absence of the docket did not affect the jurisdiction of the justice.

The judgment must be reversed, and a new trial granted; costs to abide the event.

[OSWEGO GENERAL TERM, July 14, 1863. *Allen, Mullin, Morgan* and *Bacon,* Justices.]