## VANNICE v. GREENE, TRAER & CO.

1. CONFESSION OF JUDGMENT. On February 19th, 1859, B. confessed judgment in favor of G. T. & Co., by a statement which did not concisely set out the cause of the indebtedness, but the judgment entry recited that the statement did make such showing; the judgment entry was read and approved, March 11th, 1859, B. sold certain property, upon which it was a lien, to V., who had knowledge of such judgment; after which it was levied upon and sold under the judgment. *Held:*

    1. That the judgment is good as between the parties to it.

    2. That the plaintiff having purchased with actual knowledge of said judgment, after it had been read, approved and signed by the judge, and that the judgment entry recited the matter claimed to be essential—and at the time knowing nothing of the actual contents of such statement—stands in no better position than a party.

*Appeal from Benton District Court.*

### FRIDAY, JUNE 24.

THIS case grows out of the same transaction as that immediately preceding. Defendants obtained judgment by confession against Bergen and Chinn. Plaintiff, as a subsequent purchaser of certain lands incumbered by said judgment, filed this bill to remove the cloud created thereby, claiming that he had notice of the existence of said judgment; that it was rendered in vacation; that the statute was not complied with; that the clerk had no power to enter the same, and that it was void and of no effect. On the hearing the bill was dismissed and plaintiff appeals.

*C. H. Conklin* for the appellant.

*J. C. Traer* and *I. M. Preston & Son* for the appellees.

Vannice v. Greene, Traer & Co.

WRIGHT, Ch. J.—The conclusion arrived at in the preceding case would seem to render the present one of but little importance to the parties. As it may become material, however, to know whether defendants have such an interest in the property as entitles them to redeem from plaintiffs' mortgage, or to any possible surplus from the sale of the land, after satisfying the prior incumbrance, we shall very briefly dispose of the questions made.

From the report of the referee, it appears that the statement in writing, filed with the clerk, giving the authority to render the judgment, has been lost, and its exact contents cannot, therefore, be known. He finds, however, that it did not state concisely the facts out of which the indebtedness arose, nor state it otherwise than by setting out the promissory note, evidencing said indebtedness. The statement was duly signed and sworn to by the defendants, and the entry of the judgment by the clerk, recites, that said statement "set forth concisely the grounds of the indebtedness." The confession was based upon a *bona fide* indebtedness, from Bergen and Chinn to the present defendants, and plaintiff, as is found by the referee, and not controverted by counsel, had *actual* notice of said judgment at the time of purchasing the lands. At the next term of court after the statement was filed, the entry of judgment was read, approved and signed by the judge, as required by law. Rev. § 2665. The judgment was rendered February 19, 1859. It was read and approved March 11, 1859. Bergen sold to Vannice March 6, 1860. Defendants levied upon the land April 7, and sold it under their execution, June 16, 1860. This action was commenced December 17, 1860.

Upon the above facts, our conclusions are: *First.* That the judgment is good as between the parties to it. *Second.* That plaintiff, having purchased, with full actual knowledge of said judgment, after it had been read, approved and signed

by the judge, with the knowledge that the judgment entry recited the matter claimed to be essential in the statement, and at the time knowing nothing of the actual contents of said statement, stands in no better position, and his bill was properly dismissed.

These views we do not believe to be in conflict with any of the prior decisions of this court, and certainly accords with the letter and spirit of the later ones. A brief reference to some or all of them, may serve to show the correctness of this proposition.

*Edgar* v. *Greer*, 7 Iowa, 136, was an appeal, and, of course, the question as to the *bona fide* character of the indebtedness, was not presented and did not arise. In *Churchill et al.* v. *Lyon*, 13 Id., 431, however, the statement was equally defective; but, on the hearing of the motion to set aside the judgment in the court below, it was shown that the note was given in good faith in due course of trade, for goods sold; and we held the judgment should be upheld. *Kennedy* v. *Lowe*, 9 Id., 580, followed *Edgar* v. *Greer*, suggesting, also, that the cases in New York, under their statute, treated a judgment by confession, based upon an insufficient statement, void as to *creditors*. *Edgar* v. *Greer* was again before us in 1860 (10 Iowa, 279), and the former ruling is recognized, it being held in substance, that the cause upon the confession of judgment was finally and fully disposed of by the ruling in 9 Iowa, 136, and that such confessed and reversed judgment was no bar to a subsequent action by plaintiff upon the note. In none of these cases were the judgments rendered in vacation, approved and signed by the judge at the next term. The subsequent case of *Bernard* v. *Douglass & Watson*, 10 Iowa, 370, was where a junior judgment *creditor* moved to set aside the senior judgment by confession in vacation, the senior one having been confirmed by the court at the succeeding term. The opinion in that case speaks of

such judgments as being without authority, illegal and void, and is in its facts more analogous to the present than any one preceding. At present, however, we only suggest that Bernard & Co. were creditors, while Vannice is a purchaser; that Vannice had *actual* notice of the judgment, while this fact does not figure as against the creditors in the other case; that the good faith and honesty of the transaction between the present defendants and Bergen and Chinn affirmatively appears, while no such showing appears to have been made by Douglass & Watson in resisting the motion of Bernard.

Thus far, therefore, it will be seen that we have but one case to which a creditor was a party, and that in all the other but one (13 Iowa, 431), we knew nothing of the consideration forming the basis of the several judgments, having before us the single fact, that the written statement did not contain the matter directed by the statute. Most of these cases, however, were followed by *Vanfleet* v. *Phillips*, 11 Iowa, 558; *Marvin* v. *Tarbell*, 12 Id., 93; *Edward et al.* v. *Pitzer*, Id., 607. In two of these, the rights of *creditors* were involved, and in the first and last, the rights of the judgment debtor also. These cases are, by no means, in conflict with the others cited, for in their facts they differed; but some views of the purpose and policy of the statute are there expressed, which are perhaps not entirely consistent with a part of the reasoning, and some *dicta* found in the earlier cases; and these views, we are satisfied, are correct. The leading object of the statute, in requiring this concise statement, was to prevent fraud against creditors, that such statement should be made and sworn to, in order to advise other creditors of the nature and character of the indebtedness, and thus decrease the chances for fraud, combination and collusion. No case in this State has yet held that, if the honesty and integrity of the transaction is affirmatively shown and established, such a judg-

ment would be invalid as to creditors or parties, though based upon a defective statement; and in view of the tendency of the later decisions to sustain rather than defeat such judgments, and our views of the policy of the statute, we are certainly not prepared to go still one step further, and hold them void, as against a purchaser buying with actual knowledge of their existence.

Affirmed.