## EVANS v. McGLASSON.

### I. Per CURIAM.

1. **Lien : PRIORITY : UNRECORDED DEED.** The grantee of an unrecorded deed or mortgage has priority over a subsequent judgment creditor of the grantor.

2. —— **SALE UNDER SUBSEQUENT JUDGMENT.** But if there is a sale under a subsequent judgment to a *third person*, for value paid, and without notice, the rights of such purchaser take priority over those of the grantee in an unrecorded deed or mortgage.

### II. Per DILLON, J.

3. —— **PURCHASE BY CREDITOR.** When the purchaser at such sale is the judgment creditor, the same rule applies, if at the time of such purchase he has no notice, actual or constructive, of the unrecorded deed or mortgage.

### III. Per WRIGHT, Ch. J., LOWE and COLE, JJ.

4. —— Such is the rule at law and also in equity, unless there are equities of so strong and persuasive a nature as to prevent its application, and if these are relied upon they must be *alleged and proved*.

*Appeal from Monroe District Court.*

FRIDAY, DECEMBER 23.

ON the 28th day of May, 1859, one *John* C. Evans conveyed to the complainant the land in controversy, but the deed was not recorded until September 31st, 1862. *After* the execution of the conveyance, and *prior* to its being recorded, the defendant's intestate obtained judgment against John C. Evans, issued execution thereon, and the defendant became the purchaser (whether as *administrator* or in his *individual* capacity, is a matter of dispute among counsel) at the sheriff's sale, and received the usual sheriff's certificate. The purchase was made without notice, actual or constructive, of the plaintiff's deed. Notice, it is true, is alleged, but it is not proved. A short time prior to the expiration of the time allowed by law for redemption from the sale, the plaintiff filed his petition in equity

against the administrator of the judgment creditor, being the purchaser at the sheriff's sale, alleging the above facts, and praying that the execution of the sheriff's deed be enjoined, &c. The answer denied notice of the plaintiff's deed, and alleged it to be fraudulent. The cause was heard upon the pleadings, the plaintiff's deed from John C. Evans, the execution and return, and the certificate of purchase. The court dismissed the petition, and the plaintiff appeals.

*Theodore M. Stuart* for the plaintiff.

*Perry & Townsend* for the defendant.

DILLON, J. — It is settled in this State that the grantee of an unrecorded deed or mortgage has priority over a subsequent judgment creditor of the grantor. *Norton* v. *Williams*, 9 Iowa, 529; *Bell* v. *Evans*, 10 Id., 353; *Seevers* v. *Delashmutt*, 11 Id., 174; *Welton* v. *Tizzard*, 15 Id., 495, 497; *Hayes* v. *Thode*, *ante*. If there is a sale under the judgment to a *third person*, for value paid, and without notice, it is clear that the rights of such a purchaser are just as secure as if he had purchased in the usual way by deed from the execution debtor. He is protected like an ordinary purchaser by the statute, which. provides "that no instrument affecting real estate is of any validity against subsequent purchasers for a valuable consideration without notice, unless recorded," &c. Rev., § 2220. If the sale under the judgment, instead of being to a third person, is to the *judgment creditor* himself, will the same rule apply, and will he be protected from the unrecorded deed of which at the time of his purchase he had no notice actual or constructive? This question we had occasion recently to consider in the case of *Vannice* v. *Traer*, 16 Iowa, 574. It is unnecessary again to enter upon

*1. LIEN: priority: unrecorded deed.*

*2. —— sale under subsequent judgment.*

*3. —— purchase by creditor.*

the discussion. The writer there expressed the opinion that a judgment creditor who becomes a *purchaser* at the sheriff's sale is protected both at law and in equity against matters of which at the time of the purchase he had no notice, actual or constructive. He is a purchaser within the meaning of § 2220 of the Revision above quoted. I remain of the same opinion still. The other members of the court are of the opinion that this is the rule at law, and also in equity, unless, as in that case, there are equities of so strong and persuasive a nature as to prevent its application, and these, if they are relied upon, must be *alleged and proved.* None such are alleged or established in the case at bar. Consequently, both in their judgment and mine, the court below properly dismissed the plaintiff's petition. For authorities in support of the view here taken, see *Wood* v. *Chapin*, 3 Kern., 509; opinion of DENIO, Ch. J., p. 519; of COMSTOCK, J., p. 521; and of HUBBARD, J., p. 522; and Notes to *Basset* v. *Nosworthy*, 2 Lead. Cas. in Eq. (3 Am. ed.), 110, and authorities there cited; *Vannice* v. *Traer*, *supra.*

The case of John F. Evans against the *same defendants*, involving the same principles, does not require a separate discussion, and must be decided in the same way. We give to the appellants in both cases the benefit of the doubts which are entertained as to whether it is satisfactorily established that the judgment creditor or plaintiff in the execution was the purchaser at the sheriff's sale. We further observe in relation to the case last named that the equities are rather against than in favor of the plaintiff, as the *bona fides* of his purchase from his father after the latter had become liable to the defendant's intestate, and when the son was a minor and without means, may well be questioned.

The decree in each case dismissing the petition is

Affirmed.