Thorp v. Platt.

THORP v. PLATT.

1. Judgment: BY CONFESSION: AMENDMENT. The statement upon which a confessional judgment is based may be amended by attaching the seal of the notary thereto, inadvertently omitted.

2. —— And it seems that, without such seal, the judgment would be valid as between the parties.

*Appeal from Bremer District Court.*

THURSDAY, JULY 13.

ON the 9th of November, 1871, the defendant filed in the office of the clerk of the Bremer county district court, a statement of confession of judgment, as follows:

" I, J. N. Platt, hereby confess judgment in favor of Milton Thorp, the plaintiff herein, for the sum of $400, and authorize the clerk of said court to enter judgment against me for said sum, with costs.

" This confession of judgment is for the sum agreed upon between the parties hereto, in settlement of the contract price of the farm, sold by said Thorp to said Platt, and conveyed by deed, dated September 11, 1871, and said indebtedness arose out of the sale of said farm, and this confession of judgment is for the whole amount due to said Thorp on said farm. If this judgment is paid within thirty days, the plaintiff herein hereby authorizes the clerk of said court to discount the same ten per cent, and cancel the same of record, defendant to have thirty days stay without security; and that there is now justly due the plaintiff, the sum first above named."

The statement was sworn to before H. H. Gray, notary public, whose certificate to the affidavit is without seal. Upon this statement, judgment was duly rendered by the clerk.

At the next term of court the defendant objected to the approval of the judgment, and moved to set the same aside for the want of the notarial seal and a sufficient statement to support the judgment. The plaintiff thereupon moved for leave to amend by attaching the notary's seal, supporting the same by the affidavit of the notary that the seal was omitted through inadvertence.

This amendment was allowed.

Thorp v. Platt.

The court also allowed the plaintiff to file the affidavit of the notary, stating the particular facts upon which the statement was based, and that, if the same was not sufficient, it was on account of his misapprehension of the law.

The motion to set aside the judgment was overruled, and the same was approved by the court. Defendant appeals.

*Powers & Hemenway* for the appellant.

*Gray & Douherty* for the appellee.

DAY, J. — I. The omission of the seal did not invalidate the statement, as between the immediate parties. In New York it has been held that judgment by a confession in a justice's court, upon a statement to which no affidavit is affixed as required by law, is valid and binding upon the *defendant* notwithstanding such omission. *Stone* v. *Williams*, 40 Barb. 322.

The court might, therefore, have approved the judgment without amendment. But it was competent for the court to grant leave to amend the statement by attaching the seal. *Mitchell* v. *Van Buren et al.*, 27 N. Y. 300; *Union Bank* v. *Bush*, 36 id. 631; *Ingram et al.* v. *Robbins*, 33 id. 409. These decisions were made under a statute in all essential respects like our own.

II. The motion to set aside the judgment upon the ground of insufficiency in the statement was properly overruled. As between the parties, the statement is clearly sufficient, and none other has complained. *Plummer & Douglass*, v. Watson, 14 Iowa, 69; *Vannice* v. *Green, Traer & Co.*, 16 id. 574; *Miller & Luther* v. *Earle*, 24 N. Y. 110.

                                    Affirmed.