## BRADLEY & SHERMAN v. DELAWARE COUNTY.

1. **Waiver**: BOARD OF SUPERVISORS: ALLOWANCE OF CLAIMS. Where a claim was filed before the board of supervisors for medical attendance rendered to paupers upon the order of the proper township trustees, but was not certified by them to be correct, and the board considered the claim and allowed a portion of it without objection for want of such certificate, such action will amount to a waiver of the certificate, and will estop the county from setting up the want thereof, as a defense to the balance of the claim.

*Appeal from Delaware District Court.*

MONDAY, DECEMBER 19.

ACTION upon an account. The plaintiffs are physicians, and as such they furnished medicine and medical attendance at the written request of the trustees of Delaware township in Delaware county. The claim as presented to the board of supervisors, amounted t $195.05. The board allowed thereon the sum of $114.55, and refused to allow the balance. The action is brought to recover such balance.

The defendant for answer averred, among other things, that the plaintiffs' account was not certified to by the township trustees. The plaintiffs did not controvert the fact of the want of such certificate, but claimed that the board of supervisors waived the certificate.

The court instructed the jury in substance that an allowance of a part of the plaintiffs' account, without objection for want of certificate, would be a waiver of the certificate.

A verdict and judgment were rendered for plaintiffs. The defendant appeals.

*Calvin Yoran* and *E. M. Carr*, for appellant.

*Bronson & LeRoy*, for appellee.

ADAMS, CH. J.—The cause involving less than $100 comes

to us upon a certificate. The question certified is as follows:

1. WAIVER: board of supervisors: allowance of claims.

"Where claims are filed before the board of supervisors of a county for medical attendance upon and care for the poor, on the order of the proper township trustees, which said claims are not certified to be correct by the trustees, but which claims the board of supervisors consider without objection for want of such certificate, and allow a part and disallow a part, does such action amount to a waiver of such certificate, estopping the county from setting up and establishing the want of such certificate as a defense in a suit brought for the balance of said claim?"

The defendant insists in the first place that the board of supervisors had no power to waive the certificate. In support of this doctrine the defendant cites *Hull & Argalls v. The County of Marshall*, 12 Iowa, 154; *Webster County v. Taylor*, 19 Iowa, 117; and *Clarke v. The City of Des Moines*, 19 Iowa, 219. It is not necessary for the purposes of this case to go into an extended review of the cases cited. An examination of them will show that they differ materially from the case at bar. That a county, through its proper officers, may allow and pay a claim of the nature of the plaintiffs' is, of course, disputed by no one. The objection made is simply to the mode of allowance. This consideration alone is sufficient to show the inapplicability of the cases cited.

On the other hand the defendant's position that the board of supervisors has no power to waive the township trustees' certificate is in conflict with *Armstrong v. Tama County*, 34 Iowa, 314; and *Collins v. Lucas County*, 50 Iowa, 448. In the former case, it is true, no more was allowed by the court of the uncertified claim than was allowed by the board, but this court held that to the extent of the allowance the county was estopped to deny the claim. This ruling could have been made only upon the theory that the allowance was not without jurisdiction, and that to the extent of the allowance the board had power to waive and did waive the certificate.

It being settled, then, that the board has power to waive the certificate, we have only to inquire whether the action of the board in this case was such as to constitute a waiver.

The jury was instructed upon the theory that the evidence was such that they might find that no objection was made to the claim by the board for want of a certificate. The question certified assumes that no objection was made, but that the board of supervisors considered the claim without objection. We cannot go into the evidence to determine whether such assumption was justified, because no question in relation thereto is raised. We shall, therefore, proceed upon the same assumption.

A waiver need not be expressed in words. Wherever the conduct of a party is such as to raise a reasonable presumption that a waiver was intended, and there is nothing indicating otherwise, a court or jury would be justified in finding that there was a waiver.

The want of the trustees' certificate to the claim, when it was presented to the board, would have justified the board in refusing to consider it. This, we must presume, they well knew. They, nevertheless, proceeded to consider it. They passed over the fact that there was no certificate, and certainly treated it for the time as immaterial. If they had refused to consider the claim for want of a certificate, the claimant would have been advised of its necessity and might have supplied it. But the board had other grounds for disallowing the claim, as far as they did disallow it, and they acted upon those grounds. With the view which the board took of the claim, the trustees' certificate was in fact immaterial. There is no pretense that they would have been bound by it, if it had been supplied, and if they were satisfied, as they claimed to be, that the claim, so far as they disallowed it, ought to be disallowed upon its merits, it would have been their duty to disallow it. We think the case comes clearly within the ruling in *Collins v. Lucas County*, above cited.

The county has had the benefit of a full defense to the claim upon its merits. If a certificate of the nature of the one in question is admissible as evidence in an action upon the claim, then the want of such certificate in this case was to the disadvantage of the plaintiffs, and not the county.

Much is said in the argument of appellant's counsel about the protection which counties need. But if they need any protection in this respect, it is against the allowance, and not against the disallowance by the board of uncertified claims. The disallowance remits the claimant to his action, and compels him to establish his claim by such legal methods as other claims are established. An allowance by the board is conclusive upon the county. Yet, as we have seen, it was held in *Armstrong v. Tama County*, above cited, that an allowance may be made by the board without the trustees' certificate.

In our opinion, there was no error in the rulings of the District Court, and the judgment must be

AFFIRMED.