Williams, J.
The question in the case . is whether Sternberger, under the judicial sale, became a bona fide purchaser within the rule which protects such purchasers against unrecorded conveyances. It must be reg-arded as established by the facts found in the court below, that there was not such possession of the lot by Rag-land as put Sternberger. upon inquiry, or charged him with notice of any claim or equity of the former, either, when the judgments were recovered, or the executions levied, or when the sale was made and confirmed, or the. deed from the sheriff was received by Sternberger; and also, that Sternberger was *156 without any actual knowledge of Ragland’s unrecorded deed, or of any claim by him to any interest in the lot.
The record of the mortgage executed by Ragland for the unpaid purchase money for the lot, was not constructive notice of his unregistered deed, to a subsequent purchaser from his grantor.
When a prospective purchaser finds a complete record title in the proposed seller, he is not bound to examine for mortgages made to the latter after he became the owner; such a mortgage is not in the chain of his title, and is not, therefore, constructive notice to a subsequent purchaser, of a prior unrecorded deed made by him to the mortgagor. The circuit court so held. But, notwithstanding its finding that Sternberger was a purchaser at the judicial sale for value and without notice, actual or constructive, of any adverse claim of Ragland to the premises he so bought, the judgment of the court was adverse to him. The judgment appears to rest upon the ground that the deed to Ragland, though unrecorded, divested his grantor of all interest in the lot, and thereafter nothing remained in the judgment debtor, although appearing’ of record to be the owner of the lot, upon which the judgments became liens, or that could be sold at judicial sale thereunder.
It is undoubtedly the general rule, except in so far as it is modified and controlled by statute, that a judgment creditor obtains a lien only on such interest in lands as his debtor had when the judgment was rendered, and, it is subject to such equities as could then be successfully asserted against the debtor. But our statute (section 4134, Revised Statutes), requires that all deeds and instruments for the conveyance of lands, or *157 interests therein, “shall be recorded in the office of the recorder of the county in which the premises are situated,” and provides that, “until so recorded or filed for record, the same shall be deemed fraudulent, so far as relates to a subsequent bona fide purchaser, having, at the time of purchase,-no knowledge of the existence of such former deed or instrument.” This statute renders any prior unrecorded deed wholly ineffectual to convey the title out of the. grantor, as against a subsequent bona fide purchaser from him., and leaves him with as full and ample power to convey a good title to such subsequent purchaser as if the prior conveyance had not been made. And, it is settled by the adjudications of this court, that purchasers at judicial sales, without notice of a prior unrecorded deed from the judgment debtor, are within the protection of the statute equally with purchasers at private sale. Scribner’s Lessee v. Lockwood, 9 Ohio, 184; Morris v. Daniels, 35 Ohio St., 406.
The title acquired by Sternberger at the judicial sale was, therefore, superior to that" of Ragland, unless the former is to be denied the position of a bona fide purchaser because he was the owner of the judgments under which the sale was made.
It is claimed that as he was the owner of the judgments at the time of his purchase, and their satisfaction pro tanto was the only consideration he paid, he does not come within the rule in favor of banco fide purchasers. This position is sought to be sustained by Lewis v. Anderson, 20 Ohio St., 281. But that case simply holds, that: “Where there is no consideration for a mortgage of real estate other than a pre-existing debt of the mortgagor, and the mortgagee is not induced thereby *158 to change his condition in any manner, he cannot he regarded as a bona fide purchaser for value.”
That decision is placed upon the ground, as stated in the opinion, that, “the rule which favors a bona fide purchaser of land, and that which protects the holder of negotiable paper for value before due from infirmities affecting the instrument before it was transferred, are based substantially on the same equitable grounds, and upon the policy of the law which favors trade and the security of titles, as conducive to the public good.” And in that case, Roxborough v. Messick, 6 Ohio St., 448, is cited, where the rules applicable in determining what considerations are sufficient to protect the holders of commercial paper are fully considered, which, as there laid down, have since been regarded as the settled law on that subject. It is there held, that while a voluntary transfer of a negotiable instrument to secure a pre-existingdebt, where the parties are left in respect to such debt in statu quo, there being- no new consideration, stipulation for delay, or credit given, or right parted with, is not sufficient to protect the holder against equities existing between the prior parties at the time of the transfer, yet, when the note is transferred in payment of the precedent debt, the consideration is sufficient to entitle the holder to such p rotection. ‘ ‘ The weight of authority, ’ ’ says Swan, J., in that case, “ seems to settle the principle, that where a negotiable instrument of a third person is transferred before due, in payment of a pre-existing debt, and is bona fide received by the creditor, without notice, the defenses existing as between the prior parties cannot be set up against such holder.” And that learned judge further says, in that ease, that there is “no *159 substantial difference between the consideration for the transfer of negotiable paper in payment of a precedent debt, or in payment of goods sold at the time of such transfer.” Applying these principles to a purchaser of real property, it was held in Clements v. Doerner, 40 Ohio St., 632, that a purchaser who takes a conveyance of real estate in payment of a pre-existing debt is a bona ficle purchaser for value, and entitled to be protected as against a prior defective mortgage made by his grantor. When the conveyance is received in payment of the debt, there is a change in the situation of the parties; the debt is for the time being, at least, discharged; and, though the creditor may be restored, upon failure of his title to the property, to his right to enforce the collection of the debt, so recovery may be had for any other consideration parted with for the property, where the title for any cause fails.
If it be said Sternberg’er could have the satisfaction of his judgments vacated and new process issued for the collection of the judgments out of any property of the judgment debtor, so, any stranger who might have become the purchaser at the sale, would be entitled to the same remedy. Revised Statutes, sections 5410, 5412. The necessity of resorting to such a remedy is sufficient, of itself, to show that a substantial change occurred in the situation of the parties by the satisfaction of the judgments on the confirmation of the sale; and the neglect of Ragland to have his deed placed on .record, does not entitle him to drive the purchaser, in either case, to that remedy. Had Sternberger made his purchase at private sale, instead of at a judicial sale, there could be no doubt, we think, of the superiority of his right to *160 the property over that of Ragland; and his right in that respect is none the less, because the conveyance was made through the instrumentality of the sheriff and the forms of judicial proceedings, instead of immediately from the judgment debtor. The deed of the sheriff conveyed a title as good and complete as the judgment debtor could have conveyed.
In the note to Basset v. Nosworthy, 2 Leading-Cases in Equity, 110, 111, the conclusion reached after a full discussion of the subject, and review of the cases, is that the weight of authority in this country is “in favor of the proposition that a purchaser at a judicial sale, stands on the same footing with a purchaser directly from the debtor; and, that a purchaser at such sale will take the land discharged of any claim or title, whether arising under an unregistered deed, or a mere equity, of which he had no notice at the time of the purchase, and which would be invalid as against an ordinary purchaser;” and furthermore, that the rule is the same “when the judgment creditor becomes the purchaser, because the money which he pays goes in satisfaction of the debt; and every additional bid is necessarily an advantage to the ' defendant in the judgment. ’ ’ The following, among others, may be added to the cases there cited in support of the rule as stated: Foorman v. Wallace, 75 Cal., 552; Evans v. McGlassen, 18 Iowa, 150; Butterfield v. Walsh, 21 Id., 97; Rorer on Judicial Sales, sections 866, 874.

Judgment reversed and judgment for the plaintiffs in error.