Vanfleet v. Phillips; The Same v. Moore; The Same v. Brockman;
Morsman v. Vanfleet; v. Phillips v. Vanfleet.

VANFLEET V. PHILLIPS; THE SAME V. MOORE; THE SAME V. BROCKMAN; MORSMAN V. VANFLEET; PHILLIPS V. VANFLEET.

1. CONFESSION OF JUDGMENT: VERIFICATION BEFORE PLAINTIFF'S ATTORNEY. The verification of a statement, or a judgment by confession, before a Notary Public, who was acting as plaintiff's attorney, will not of itself justify a court in setting the judgment aside as irregular or invalid.

2. SALE: SIGNING AND APPROVING RECORD. Section 1578, Code of 1851, is directory only; and a failure by a Court to approve and sign the record of a judgment by confession, entered in vacation, at the term following such entry, does not avoid the judgment.

3. SAME: SUFFICIENCY OF A STATEMENT. A sworn statement for a judgment by confession, on a promissory note, which sets up the note, and states that the consideration thereof "was money loaned by plaintiff to defendant," is sufficiently specific in its statement of the facts out of which the indebtedness arose.

4. SAME: CASES CITED. *Edgar* v. *Greer*, 7 Iowa 136; *Kennedy* v. *Lowe and Creel*, 9 Ib. 580; and *Bernard & Co.* v. *Douglas & Watson*, 10 Ib. 370; cited and held inapplicable to the cases at bar.

*Appeal from Johnson District Court.*

TUESDAY, APRIL 23.

THE facts necessary to a clear understanding of the questions raised in these cases are fully stated in the opinion of the court.

*Clark & Brother* for the appellants.

I. The Code of 1851, Section 1578, provides that entries made in vacation shall be read, approved and signed at the next term of the court. Until this was done the entry could not have the effect of a judgment, and if not done at the succeeding term it could not be done at all.

II. The statement was insufficient to authorize the entry of judgment by the clerk, and approval of the same by the court:

1. At the time of the entry the statements were not sworn to by the defendants.

2. The statements on which these judgments were entered were insufficient under the rulings of this court in *Edgar* v. *Greer*, 7 Iowa 136, and *Kennedy* v. *Lowe and Greel*, 9 Iowa 580; *Chappell* v. *Chappell*, 2 Ker. 215.

*Fairall & Boal* for the appellees.

1. The provisions of Section 1578, Code of 1851, are directory merely; and the appellant was not injured by the failure to comply with the statute, and should not complain. *The Justice* v. *House*, 20 Geo. 328; *Platte County* v. *Marshall, et al*, 10 Mo. 359; *Williams* v. *Wheeler*, 1 Barb. 48; *Ferris* v. *Smith*, 24 Verm. 27; *The State* v. *Jennings*, 18 Mo; 7 How Pr. 449.

2. The jurat having been amended, pending the motion by permission of the court all objection on that ground was removed. 7 How. Pr. 449.

3. The statement of the indebtedness is sufficient, *Lanning* v. *Carpenter*, 20 N. Y. (6 Smith,) 447; *Chappell* v. *Chappell*, 2 Ker; 215; Neither *Edgar* v. *Greer*, nor *Kennedy* v. *Lowe and Creel*, *supra*, are precisely in point, and as they are not on statements similar to those in the cases under consideration.

WRIGHT, J.—These cases involve substantially the same questions. Vanfleet obtained judgments, by confession in vacation, in the Johnson District Court, against Phillipps, Moore and Brockman. Subsequently the defendants moved the court to set the judgment aside. Morsman as the judgment creditor of Phillips, and Phillips as a like creditor of Moore, also, moved to set aside the judgments against Phillips and Moore. All these motions were overruled.

The statement under which the judgment against Phillips was rendered in reciting the facts out of which the indebtness arose, is as follows: "The indebtedness now due from me to the said John R. Vanfleet, is for money borrowed by me from the said Vanfleet and the interest due thereon, and

for time given me for the payment of the same, which is
evidenced by a promissory note given by me to the said
Vanfleet, hereto attached, marked schedule (A.,) and I fur-
ther state, &c." Attached to this statement is the note re-
ferred to, dated June 1st, 1857, for $611.25, with interest
at 10 per cent., payable by defendant and to plaintiff.
Judgment by confession was entered December 18th, 1858,
with stay of execution for one year.

The judgment against Brockman was entered January
3d, 1859, and based upon a statement in all respects like
that against Phillips, except that it states the date and matu-
rity of the loan.

The judgment against Moore was entered December
27th, 1858, and states that, "the case upon which said
indebtedness arose was for money loaned by said Vanfleet
to me."

These motions were filed and determined at the March
Term, 1860, of the Johnson District Court. At the same
term and not before, these several confessions were read,
approved and signed in open court.

Several objections were urged to these judgments by the
parties who now appeal.

I. And first it is urged that they were sworn to before a
Notary Public, who at the time was one of the attorneys of
the plaintiff. This objection is not tenable. In a case
where it was claimed that a fraud was practiced upon a
debtor, this circumstance might be of weight in determining
the validity of the judgment as between the parties to it.
But of itself this fact is not sufficient to justify the court
in concluding that the proceeding was irregular or invalid.

II. It is next claimed that the judgments should have
been set aside for the reason that they were not read over,
signed and approved at the term of the District Court next
after their entry. This objection is not tenable, for if no
other reason, because when presented in the District Court,

Vanfleet v. Phillips; The Same v. Moore; The Same v. Brockman; Morsman v. Vanfleet; Phillips v. Vanfleet.

the record was read, approved and signed. As we understand section 1578 of the Code of 1851, if the court shall fail to have the entries made in the preceding vacation read and signed, the judgments so entered are not vitiated. The statute is directory. It is as if the court should at a succeeding term, for any cause, fail to have read and signed entries prepared at a prior term, but which it was then impracticable to approve. If at still another term such entries should be read, corrected, and approved, the judgments or proceedings therein contained would nevertheless be regular. In the case of a judgment by confession in vacation, an execution can issue before the next term, and in all respects it has force and validity in the same manner as if entered in term time. Section 1840. The subsequent approval by the court when given and evidenced by the record, relates back to the date of the entry and is as effectual as if given at that time.

III. The third objection, and the one most relied upon, is that the facts out of which the indebtedness arose in each case are not stated in the manner required by the statute, and that there was therefore no power in the clerk to enter the judgments. The statute requires that the statement in writing shall "state concisely the facts out of which the indebtedness arose." Section 1839.

We cannot agree with the counsel that these cases are like those referred to by them. *Edgar* v. *Greer*, 7 Iowa 136 ; *Kennedy* v. *Lowe and Creel*, 9 Ib. 580. In both of these cases, the written authority signed by the defendants merely stated that the sum (naming it,) was due on promissory notes. What was the consideration for these notes, how the indebtedness arose, was not stated nor attempted to be. In these cases, however, the statements contain much more. In each the consideration is distinctly and clearly stated and pointed out and sworn to, in such a manner that

another creditor cannot be left in doubt as to its true nature and character. It is unquestionably true that the object of the statute in requiring this statement of facts, was to prevent fraud upon creditors, and to have spread upon the record the defendant's own sworn account of what he was owing the plaintiff, and for what. A promissory note is the evidence of a debt, and of itself, does not sufficiently direct the mind and attention of those interested to the true and actual consideration. When, however, the consideration is stated to be money loaned, a creditor desiring to attack the judgment, sees and knows at once what the parties thereto have themselves fixed as the basis of the transaction.

But it is claimed that the facts out of which the indebtedness arose, should have been stated with greater particularity. This position misapprehends the meaning of the statute. When it is said that the written authority must state *concisely* the facts out of which the indebtedness arose, it is not intended that it shall state them particularly and specifically, but briefly. To be concise is to be brief. To make a statement in a *concise manner*, is to make it as short and brief, and yet as intelligible as possible, and not to make it particular and specific. It may be concise and not specific— specific and not concise.

Now the statute of New York, (Code of Procedure, section 383,) required that the statement should set forth "concisely the facts out of which the indebtedness arose," and yet it was held in *Lanning* v. *Carpenter*, 20 N. Y. 448, that the statute was complied with, when the statement set forth two promissory notes, and the consideration, which was borrowed money; a case very much like these now before us.

We are referred, however, to *Lawless* v. *Hackett*, 16 Johns. 148. This case arose under the statute of New York, of 1818, which required a particular statement and specification of the nature and consideration of the debt or demand, and where the demand arose upon a note, the origin and consideration was required to be particularly set forth. And

well might it be held under such a statute, that "the specification ought to be so precise and particular, as to apprise all persons interested of the *nature and consideration* of the debt." The difference between that statute and ours is too manifest to need comment.

The case of *Chappell* v. *Chappell*, 2 Kernan 215, is relied upon also, and is referred to in all the cases heretofore decided in this State on this subject. This case arose under the same section of the New York Code, as that in 20 N. Y., *supra*, and the statement merely set forth a promissory note executed by the plaintiff to the defendant as the consideration of the indebtedness. This was held insufficient, and this is sustained by all the cases, as far as we have examined them, where the objection has been made by the creditor of the party confessing the judgment.

The case of *Dunham* v. *Waterman*, 17 N. Y. 9, is more like one of those now before us, than any other which has been brought to our attention; unless it may be that of *Bernard & Co.* v. *Douglas & Watson*, 10 Iowa 370. In the New York case the statement was like that in 2 Kernan, *supra*, adding that the note was given by the defendant to the plaintiff " on settlement of accounts between them," on the date of the note. In the case in 10 Iowa 370, the statement referred to a note and set forth that it was given " for the balance due said plaintiff on settlement." The first case is clearly good authority for the decision in the second. And yet they are both essentially unlike those before us. For, as is truly said by SELDEN, J., in the New York case " A mere statement that the note was given upon a settlement of accounts conveys no information of any value. Something at least should be stated as to the nature of the account, and the time when it accrued, even if all the minuteness necessary in a bill of particulars should not be required." And with equal pertinency it is asked by BALDWIN, J., 10 Iowa, *supra*, " can any creditor be advised from this judgment of the character of the indebtedness of the

judgment debtor to the plaintiff." In the cases at bar however the consideration named does convey information of value, and as we have shown, directs the mind of parties interested to the true and actual nature of the consideration. The character of the indebtedness is so concisely stated that the mind is left in no doubt or uncertainty.

We have thus at some length noticed all of the cases brought to our attention. That they do not, when carefully examined, establish a rule which would invalidate these judgments, we think is quite clear. That some of the reasoning and *dicta* may be said to favor appellants, is not to be denied. We have however to do with the questions actually decided, and from these to determine how far they are authority in the cases before us.

Another thing is to be remarked, and that is that all of the New York cases cited, as well as the one in 10 Iowa, 370, arose between judgment creditors, and the parties to the judgment confessed. The cases in 7 Iowa, 136, and 9 Ib. 580, arose between the immediate parties to the judgment. The writer of this opinion entertains, as he did at the time, grave doubts of the correctness of those decisions, so far as they assume to treat such judgments as entirely void. In my view the policy of the statute was to prevent frauds against creditors ; and not so much to give a rule for the government of the parties to the judgment as between themselves. Waiving this however, we unite in the opinion that particularity, the distinct enumeration of each item of an account as in a specific bill of particulars, is not necessary under our statute, as between the parties or third persons. And that when the consideration is stated with such conciseness, as in these cases, as to direct the attention of third persons to its true and actual nature, in the absence of proof of actual fraud, the judgments are not invalid nor irregular.

Judgment affirmed.