## Marvin v. Tarbell, *et al.*

1. CONFESSION OF JUDGMENT: STATEMENT. A statement for a judgment by confession recited that the consideration of the indebtedness was "money borrowed" of plaintiff by defendant, which was evidenced by a promissory note set out in the statement. It was held that the statement was sufficiently specific; following *Vanfleet* v. *Phillips,* 11 Iowa 558.

Marvin v. Tarbell, et al.

*Appeal from Polk District Court.*

FRIDAY, JUNE 14.

THE material facts appear in the opinion of the court.

*C. C. Cole* for the appellant.

*S. V. White* for the appellee.

BALDWIN, J.—Boyd confessed a judgment in favor of Cole, and in making such confession, filed with the clerk of the District Court the following statement of facts:

"CHESTER C. COLE v. JAMES H. BOYD. *Confession of judgment.*

"WHEREAS, I, James Boyd, am indebted to Chester C. Cole, in the sum of six hundred dollars, due the said Cole for money borrowed of him, and evidenced by a promissory note in the words and figures, as follows: ' One day after date,' &c., signed, ' James H. Boyd,' ' which said sum is justly due the said Cole,' &c. 'Therefore,' " The confession and judgment follow.

The plaintiff became the mortgagee of the said Boyd subsequent to the date of this confession. This mortgage was upon certain real estate, upon which this confessed judgment was a lien. In the petition of plaintiff to foreclose the said mortgage, Cole is made party defendant; and the court is asked to set aside and declare the judgment in his favor void, upon the ground that there was no sufficient statement of facts made in such confession out of which the indebtedness arose. Upon the authority of *Vanfleet* v. *Phillips,* 11 Iowa 558, the statement in the confession was sufficient, and judgment thereon was therefore valid. That portion of the decree of the District Court which declared the judgment in favor of Cole void, is reversed. Whether the judgment took priority of plaintiff's mortgage, in view of the instantaneous character of the seizin of Boyd, we need not determine.

Reversed.