## CHURCHILL *et al.* v. LYON.

1. CONFESSION OF JUDGMENT. When a written confession of judgment is duly sworn to, filed in open court, and judgment thereon rendered in strict accordance with its terms, and when the defendant without attempting to impeach the consideration, or deny the amount due, moves the court to set aside such judgment upon the sole ground that the facts "were not concisely stated," to which the plaintiff responds by showing the good faith of the transaction and the nature of the consideration, the judgment should be upheld and the motion overruled.

*Appeal from Polk District Court.*

TUESDAY, JUNE 17.

AT the August Term, 1858, of the Polk District Court, in open court, the defendant filed his written confession of judgment in favor of plaintiffs, upon which a judgment was entered up in due form. The confession complies with the law in every respect, except that it fails to state concisely the facts out of which the indebtedness arose, merely reciting that the indebtedness was shown by a promissory note, copied and exhibited therewith.

In June, 1859, a motion was filed by defendant to set aside and vacate this judgment. Plaintiffs made a showing that the note was given in due course of trade for goods sold; that the confession was drawn in good faith; and that the defect, if any, was one of form, and arose from a misapprehension of the practice and requirements of the statute and from no other cause. To this showing there was no response. Motion sustained, and plaintiffs appeal.

*S. V. White* for the appellant, contended: 1. That *Edgar* v. *Greer*, 7 Iowa, 136; *Lawless* v. *Hackett*, 10 John., 148; *Chappell* v. *Chappell*, 2 Kern., 217; *Kennedy* v. *Lowe and Creel*, 9 Iowa, 580; and *Bernard & Co.* v. *Douglas & Watson*, 10 Iowa, 370; are not applicable to cases in which the judgment was rendered by the court in term time, and not by the clerk in vacation. 2. That the defect in the statement is one of form merely, and not of substance, and it was proper for the court to permit an amendment, thus preserving its lien and priority. *Chappell* v. *Chappell, supra.* 3. The defendant should be estopped from denying or drawing in question his own sworn statement, *Vanfleet* v. *Phillips*, 11 Iowa, 558; Broom's Legal Maxims, 127, (marg.) 4 Kent, 261; 1 Hill. Torts, chap. 4, p. 132; *Degall* v. *Odell*, 3 Hill, 216; 17 Conn., 245; 5 Denio, 154; *Allen* v. *Dewitt*, 3 Conn., 278; 1 Story Eq. Jur., 385; *Welland Canal Company* v. *Hathaway*, 8 Wend., 483.

*Brown & Sibley* for the appellee, relied upon *Edgar* v. *Greer*, 7 Iowa, 139; *Kennedy* v. *Lowe and Creel*, 9 Id., 580; *Bernard & Co.* v. *Douglas & Watson*, 10 Id., 370; *Beck* v. *Sherman*, 13 How. P. R., 472; *Lawless* v. *Hackett*, 10 John., 149; *Chappell* v. *Chappell*, 2 Kern., 217; *Dunham* v. *Waterman*, 17 N. Y. (3 Smith), 9.

WRIGHT, J. — The motion should have been overruled. As suggested in *Van Fleet* v. *Phillips*, 11 Iowa, 558, the policy

of the statute, in requiring a concise statement of the facts out of which the indebtedness arose, "was to prevent frauds against creditors, and not so much to give a rule for the government of the parties to the judgment, as between themselves." And where, therefore, the written confession is duly sworn to, filed in open court, and judgment thereon rendered in strict accordance with its terms, and where the defendant, without attempting to impeach the consideration, or deny the amount due, moves the court to set aside such judgment upon the sole ground that the "facts are not concisely stated," to which plaintiff responds by showing, affirmatively, the good faith of the transaction, and the nature of the consideration, the judgment should be upheld, and the motion overruled. This rule accords with the spirit of the statute, and authorities. 11 Iowa, 558; *Chappell* v. *Chappell,* 2 Kern., 217; *Gilman* v. *Hovey & Buchanan,* 26 Mo., 280.

Reversed.