## DANIELS & CO. v. CLAFLIN.

1. PRACTICE: MOTION. The Supreme Court will dismiss an appeal from a judgment entered by confession, when the record shows that no motion to set the same aside has been presented to, and passed upon by, the court below.

2. JUDGMENT BY CONFESSION: STATEMENT. A statement for a judgment by confession, showing that the indebtedness upon which the judgment is founded was for "sundry articles of dry goods," and "a bill of groceries," without further detail, is sufficient in its statement of the consideration of the indebtedness.

*Appeal from Boone District Court.*

THURSDAY, OCTOBER 8.

JUDGMENT BY CONFESSION. The statement sets out and describes several promissory notes, and recites the consideration as cash advanced by the plaintiff to defendant for the purchase of hogs, "sundry articles of dry goods," and "a bill of groceries." Upon this statement a judgment was entered by the clerk in vacation, and the judgment entry was approved and signed by the Judge in open court. From this judgment the defendant appeals.

*John A. Hull* for the appellant, cited *Edgar* v. *Greer*, 7 Iowa, 136; *Troxel* v. *Clark*, 9 Id., 201; *Lawless* v. *Hackett*, 16 John., 148; *Gambia* v. *Howe*, 8 Blackf., 133; *Brown* v. *Little*, 9 Ala., 416; *Chappel* v. *Chappel*, 2 Kern., 215.

*J. M. Elwood* for the appellee.

I. The defendant could not appeal to this Court with out having the question passed upon in the District Court. § 498, Rev. of 1860; *Mackemer* v. *Benner*, 1 G. Greene, 157; *Davis* v. *Burt et al.*, 7 Iowa, 56.

II. The statement upon which the judgment was rendered was amply sufficient. *Lanning* v. *Carpenter*, 20 N. Y.

R., 447; *Van Fleet* v. *Phillips*, 11 Iowa, 558; *Marvin* v. *Tarbell et al.*, 12 Id., 93.

BALDWIN, Ch. J. — This cause is submitted upon a motion to dismiss the appeal, and also upon its merits.

The first and third causes assigned for the dismissal of the appeal need not now be considered by this Court, as it is clear that the cause must be dismissed for the reason stated in the second point made, that is, that the defendant could not appeal to this Court to correct the error of which he complains, without first having the question passed upon by the District Court.

The judgment which appellant seeks to reverse, was by confession. The assignments of error relate to the power of the Clerk to enter the judgment he did upon the statement of facts, out of which the indebtedness arose, filed with him, and also to defects in the form of the judgment. This statement is so full and explicit that under the decisions of this Court we cannot see the least ground for complaint. The requirements of the statute have been so strictly complied with that subsequent judgment creditors could not complain of the validity of the judgment, much less the party who made confession. *Van Fleet* v. *Phillips*, 11 Iowa, 558; *Plummer* v. *Douglass and Watson*, 14 Id., 69.

That a motion to correct the errors complained of, relating to the mistakes of the Clerk, must be filed in the Court below, see §§ 3498, 6000, Revision of 1860.

Dismissed.