Miller v. Clark.

MILLER *et al.* v. CLARKE *et al.*

1. **Usury:** WHEN AND BY WHOM PLEADED. That a judgment by confession includes usury furnishes no ground for relief against the judgment. The defense of usury cannot in any case be urged after judgment.

2. —— Neither can it be interposed by a stranger to the contract, but only by the debtor himself.

3. **Confessional judgment:** SUFFICIENCY OF STATEMENT. A statement for confessional judgment "that the consideration of this judgment of confession is for borrowed money, and that there is now due the said C. the above-stated sum with interest," is sufficiently specific.

4. **Equity:** MARSHALING ASSETS. Where one creditor has a lien upon two funds, while another has a lien upon but one of them, equity will compel the former to first resort to the one on which the latter has no lien.

5. **Partnership:** RIGHTS OF CREDITORS. The individual creditors of a partner are entitled to first have their claims satisfied out of his individual property.

*Appeal from Monroe District Court.*

TUESDAY, OCTOBER 21.

THE plaintiffs bring this action in equity, claiming to be judgment creditors of one Hiram R. Steele, setting forth in their petition the dates and amounts of their several judgments, and claiming also that their judgments are and became liens on out-lot No. 14, in the town of Albia, Monroe county, at the respective dates stated.

It is also alleged that said Steele and the defendant, Clarke, on or about the 1st of June, 1870, conspiring and confederating together to cheat and defraud Steele's creditors, the latter delivered to said Clarke a large number of promissory notes, amounting to $2,300 or $2,400, for the pretended and fraudulent purpose of securing the payment of a pretended claim of $1,020 of Clarke against Steele, which notes Clarke still holds. It is further alleged that on the 3d day of June, 1870, in pursuance of such fraudulent confederation, said Steele confessed judgment in favor of Clarke for said sum of $1,020, which was entered by the clerk of the district court of Monroe county

in vacation; that as between said Steele and Clarke said judgment became a lien on said out-lot No. 14, from the date of the rendition thereof, but it is alleged that said judgment is void as to the plaintiffs for fraud and for insufficiency of statement to confer power or authority on the clerk to enter the same. It is also averred that Clarke has sued out an execution thereon, and caused the same to be levied on said lot No. 14, and that the sheriff is proceeding to advertise the same for sale to satisfy said judgment. Upon these allegations an injunction was prayed, and issued by order of the judge of the district court.

· The defendant, Clarke, answers denying all the allegations charging fraud against him, or a combination or confederation with H. R. Steele for the fraudulent purposes alleged. He admits the confession and rendition of the judgment in his favor, and the suing out of execution thereon, but he alleges that the consideration for said judgment was money loaned by him to said Steele, and the amount for which said judgment was confessed and rendered was justly due him, and that the same is still due with interest, less the credits thereon.

The answer of Clarke also admits that he received from said Steele, at the time of making said loan, certain promissory notes as collateral security which have been reduced to judgments and on which he has received about $475.00, and that he still holds said collaterals so far as they remain unpaid.

On the same day of the filing of the answer of Clarke, J. M. Richardson and others filed their petition of intervention, showing that they respectively held claims, based on certain certificates of deposit, one of which is as follows:

"ALBIA DEPOSIT BANK, D. STEELE, *Banker.*
"$1000                    ALBIA, IOWA, *April* 9, 1870.
" J. M. Richardson has this day deposited one thousand dollars in currency, subject to the order of himself, upon the return of this certificate, payable in like funds with ten per cent interest.

"A. H. STEELE, *Asst. Cashier.*"

Indorsed with several payments made thereon.

There are six other certificates of like import, varying only in dates, amounts and name of depositor; two are signed " H. H. Steele, cashier."

The intervenors claim to be creditors of H. H. Steele, and ask that Clarke be required to first exhaust the lot 14, upon which his judgment is a lien, and that they may have the benefit of the collaterals in Clarke's hands for the payment of their claims.

On the hearing before the court the plaintiff's petition was dismissed, and a decree rendered, giving the intervenors the benefit of the collaterals after the payment of Clarke's judgment, which was ordered to be made first from the lot 14.

The plaintiffs appeal.

*Stuart Bros.* and *Yocum & Robb* for the appellants.

*Perry & Townsend* for the appellees.

MILLER, J. — The first question presented for our determination is as to the validity of the judgment confessed by H. H. Steele in favor of the defendant Clarke. It is assailed on two grounds, first " that said Steele was not at the date of said judgment indebted to said Clarke in any sum whatever; but that said pretended statement and the judgment rendered thereon were created and caused to be placed there " to defraud the creditors of said Steele.

1. USURY.

There was no attempt to sustain this claim by evidence on the trial, nor is there any thing in the whole case tending to establish it. On the other hand the *bona fides* of the transaction is shown by affirmative evidence by defendant, which was properly admitted, except that it appears more than legal interest for the money loaned by Clarke to Steele was charged and included in the judgment. It is claimed by appellants that this fact of usury in the judgment taints it as fraudulent as to them. The mere fact of the judgment embracing more than legal interest does not render the confession fraudulent, and if the judgment thereon be duly rendered and is regular

in all its parts, it is in the absence of fraud or other special ground for equitable relief, conclusive against the defense of usury even when set up by the usurious debtor himself. *Two-good & Elliott* v. *Pence*, 22 Iowa, 543.

It has been frequently held by this court that, before judgment, the defense of usury can be interposed only by the debtor, and cannot be set up by a stranger to the contract alleged to be usurious. See *Carmichael* v. *Bodfish*, 32 Iowa, 418, and cases cited in the opinion. The attack on this ground is made too late and by strangers having no right to do so.

II. It is next urged that Clarke's judgment is void because of insufficient statement of facts to confer authority on the clerk to enter it.

3. CONFESSIONAL JUDGEMENT.

The statement is, "that the consideration of this judgment of confession is for borrowed money. And that there is now due the said Clarke the above stated sum with interest as above stated." The judgment was entered up by the clerk in vacation, and this judgment was subsequently read and approved by the court prior to the commencement of this action.

In *Vanfleet* v. *Phillips*, 11 Iowa, 558, the statement was substantially the same as here, to wit: For "money borrowed by me from the said Vanfleet, and the interest due thereon," etc., and this was held sufficient. WRIGHT, J., in delivering the opinion of the court, says: "But it is claimed that the facts out of which the indebtedness arose should have been stated with greater particularity"— just what appellant claims in this case. "This position," says Mr. Justice WRIGHT, "misapprehends the meaning of the statute. When it is said that the written authority must state *concisely* the facts out of which the indebtedness arose, it is not intended that it shall state them particularly and specifically, but briefly. To be concise is to be brief. To make a statement in a *concise manner* is to make it as short and brief, and yet as intelligible as possible, and not make it particular and specific." It is also there said that "the character of the indebtedness is so concisely stated that the mind is left in no doubt or uncertainty.'

The substance of that statement was that the indebtedness was for money borrowed by one party from the other and interest thereon. The sum borrowed was not stated there, as it is not in this case. *Marvin* v. *Tarbell*, 12 Iowa, 93, is like *Vanfleet* v. *Phillips* in statement and holding. That holding was also followed in *Edwards* v. *Nichols and Richards*, id. 607.

It is urged by appellant that this case is unlike the cases cited, in that it is not stated from whom the money was borrowed and by whom. This objection is too technical to be sanctioned by a court of equity. The statement authorizes the clerk to render judgment against Steele for $1,020, with interest and costs, who says therein that " *the consideration of this judgment of confession is for borrowed money, and that there is now due the said Clarke the above stated sum, with interest.*" There can be no room for uncertainty on this statement, in respect to who was the borrower, and who was the lender.

The defendant's judgment became a valid subsisting lien on the lot in question prior to the respective judgments of the plaintiffs. It is clearly shown, however, that the defendant, Clarke, at the time of making the loan to H. H. Steele, took, in addition to the confessed judgment, certain promissory notes belonging to Steele as collateral security for the loan; that these notes have been merged into judgments against solvent parties; that there is sufficient of these collaterals to fully satisfy the balance due on Clarke's judgment; that H. H. Steele is insolvent, and that plaintiffs have no security for their respective judgments, except the said lot 14. The defendant, Clarke, has a lien upon two funds. The plaintiffs upon but one of such funds. It will work no prejudice or injustice to any one to require Clarke to resort first, to the fund upon which plaintiffs have no lien. He should, therefore, be required to proceed, first upon the collaterals which he holds as security for his judgment, before proceeding to sell the lot in question. See *Dickson et al.* v. *Chorn et al.* 6 Iowa, 19, and authorities cited.

4. EQUITY.

This brings us to the consideration of the case made by the intervenors. The instruments upon which they base their

5. PARTNERSHIP. respective claims, fail to show that they are creditors of H. H. Steele. Indeed, they do not claim to be such creditors. They *aver* that they are creditors of D. Steele and H. H. Steele. No evidence, however, is furnished of the truth of this averment. Upon the face of the certificates of deposit set out, D. Steele is the sole debtor.

But conceding that the intervenors are creditors of D. and H. H. Steele, still the individual creditors of the latter are entitled to have his individual property first applied to the satisfaction of their judgments, before such property shall be applied to pay the joint creditors. *Hubbard* v. *Curtis*, 8 Iowa, 1; Story on Part., § 363, and cases cited in notes. The plaintiffs and the defendant Clarke, are, respectively, individual creditors of H. H. Steele. The property in controversy is the individual property of said Steele, and is liable to be disposed of as above indicated.

As to the validity of Clarke's judgment, and the *bona fides* of the transactions between him and H. H. Steele, the judgment of the court below will be affirmed. As to the intervenors, the judgment will be reversed, and the cause remanded, with directions to the court below to render a decree requiring the defendant, Clarke, to first exhaust the security held by him upon the collaterals in his hands, before proceeding to sell the lot on which his judgment against Steele is a lien; that the plaintiffs shall, after the said judgment of Clarke is satisfied, be entitled to proceed to subject said lot 14 to the payment of their claims, and that the petition of the intervenors be dismissed, or such decree will, on application, be rendered in this court.

The plaintiffs will pay the costs of the court below, and the intervenor will pay the costs of this appeal.

Reversed.