KENDIG v. MARBLE.

1. **Judgment:** BY CONFESSION: COGNOVIT: STATEMENT OF FACTS. Where the *cognovit*, upon which a judgment by confession is based, recites that the indebtedness accrued for borrowed money, the statement of facts is sufficient.

2. ———: ———: VALIDITY OF: BURDEN OF PROOF. The burden of proving that a judgment by confession, entered by the clerk in vacation, was not approved by the judge at the next term, rests upon the party disputing its validity, otherwise it becomes the judgment of the court, and is presumptively valid.

3. ———: ———: USURY: PRESUMPTION. The existence of usury in the note will not alone authorize the conclusion, that the judgment by confession was rendered for the purpose of evading the law against usury.

4. ———: ———: ———: MORTGAGE. The defense of usury cannot be pleaded against a mortgage, which exists to secure the debt, for which a judgment by confession has been entered.

5. **Practice in the Supreme Court:** DECREE: APPEAL. A decree of the court below, in the foreclosure of a mortgage securing a judgment by confession, allowing credits for payments not reckoned when the judgment was entered, will not be reversed upon that ground, where the plaintiff does not appeal.

*Appeal from Butler Circuit Court.*

FRIDAY, JUNE 9.

ACTION to foreclose a mortgage. There was a decree granting the relief prayed for in the petition, from which defendant appeals. The facts of the case are fully set out in the petition. The case has before been in this court. See 55 Iowa, 386.

*E. W. Eastman* and *F. Gilman,* for appellant.

*H. C. Hemenway,* for appellee.

BECK, J.—The petition prays for the foreclosure of a mortgage given to secure a promissory note, upon which, subsequent to the execution of the mortgage, a judgment by

VOL. LVIII—34

confession was rendered in the court wherein this action was brought.

The answer admits the execution of the note and mortgage and the *cognovit* upon which the judgment by confession is based. But defendant alleges that the sum of money for which the judgment was rendered was not, and is not, due, as stated therein, and in the *cognovit*, which was signed by him upon representations made by the holders of the note, at a time and under circumstances which prevented defendant from detecting the errors therein. He avers that certain payments were made upon the note which were not allowed in estimating the amount due thereon. He further alleges that the judgment by confession is void, for the reasons that it does not conform to the requirements of the statute, and was adopted as a fraudulent device to evade the statute against usury, the note and mortgage being given to secure the payment of a usurious contract. Other defenses pleaded need not be here referred to, as they are not relied upon by defendant in this case.

II. Counsel for defendant insist that the judgment by confession is invalid for these reasons: 1. It is not in compliance with the statute relating to such proceedings; 2. It was fraudulently obtained; 3. It is a fraudulent device to aid the plaintiff in evading the statute against usury.

Counsel also maintain that usury may be set up as a defense to the foreclosure of the mortgage, even though a judgment has been rendered for the defendant secured by the mortgage; insisting that the adjudication does not in equity bar the defense of usury pleaded in the action to foreclose.

The recital of these positions of defendant's counsel discloses the questions of law and fact in the case, which we will proceed to discuss in the order of the statement just made.

III. The *cognovit* recites that the indebtedness accrued for borrowed money. This is a sufficient statement of the "facts out of which the indebtedness arose." See *Vanfleet v. Phillips*, 11 Iowa, 558; *Miller et al. v. Clarke et al.*, 37 Iowa, 325.

1. JUDGMENT: by confession: cognovit: statement of facts.

IV.   Counsel for defendant insists that the judgment is invalid for the reason it was entered by the clerk in vacation, and was not rendered by the court.   Judgments by confession may be entered in vacation.   Code, § 2897.   Such entries are to be approved at the next term.   Code § 117.   The judgment being of record, in the absense of a showing to the contrary, we will presume that it was duly approved and signed by the judge at the next term after its entry.   The judgment as it appears in the record before us is presumptively valid, if it was not approved or signed by the judge the burden rested upon defendant to show these facts.

*2.* ——: ——: *validity of: burden of proof.*

V.   Counsel further insists that a judgment cannot be rendered by the clerk, an officer not charged under the constitution with judicial duties.   But it becomes, when entered, the judgment of the court; it is not the judgment of the clerk.   *Edgar v. Greer,* 7 Iowa, 136; *Grattan v. Matteson,* 54 Id., 229.

VI.   There is no evidence found in the record before us supporting the position of defendant that the judgment was fraudulently obtained, nor, in fact, is fraud in procuring it alleged in defendant's pleadings.   This is a sufficient answer to the position of defendant under consideration and the claim of counsel that fraud is not denied by plaintiff.

VII.   It is next claimed that the confession of judgment was a fraudulent device to evade the statute against usury.   We discover no evidence supporting this position.   While it is shown that the note was usurious, there is nothing authorizing the inference that it was the purpose of either of the parties to cover up the transaction by means of the judgment.   Surely the existence of usury alone does not authorize the conclusion, that the parties caused the judgment to be entered for the purpose of concealing it or to evade the statute against it.

*3.* ——: ——: *usury: presumption.*

VIII.   The next position of defendant is that usury may be shown notwithstanding the judgment.

It is true that usury may be shown as a defense in proceedings to foreclose a mortgage, but it does not follow that this 4. —: —: can be done if the debt has been reduced to ——: mort- judgment. The mortgage, it will be remembered, gage. follows the debt whatever form it may assume or however it may be evidenced. Its capacity to be enforced depends upon the debt itself. If the debt is illegal or in any way tainted with fraud or usury the mortgage cannot be enforced. When it becomes purged of its illegality and purified of its usury, or, in any other way becomes a lawful demand, the mortgage may be enforced. A mortgage may secure a debt existing as an open account, or evidenced by writing, by deed or by judgment. In the case before us the debt first evidenced by the note was reduced to a judgment, the mortgage continuing to secure it as before its change of form. While the note was the evidence of the debt proceedings to foreclose the mortgage could have been resisted by the defense of usury. But as the law is well settled that a judgment by confession cannot be defeated on the ground of usury, it follows that such defense cannot be pleaded against a mortgage which exists to secure the debt for which the judgment was rendered. *Twogood & Elliot v. Pence,* 22 Iowa, 543; *Miller v. Clarke,* 37 Id., 325.

IX. The defendant insists that the judgment is for an amount in excess of the debt, for the reason that certain pay- 5. PRACTICE: ments were not allowed in estimating the amount appeal. due. The court below found that a payment of $200.00 was not allowed when the judgment was rendered, and in the foreclosure decree allows defendant credit for that sum to take effect at the time the payment was made. As plaintiff does not appeal or ask that the decree be reviewed we need not inquire whether the court's conclusion upon this branch of the case be correct. We are well satisfied that defendant is entitled to no greater credit than he was allowed by the court below: He has no reason to complain of the decree on the ground of the credit allowed him.

The foregoing decision fully and, to our minds, satisfactorily answers all the positions and arguments of counsel for defendant. In our opinion the decree of the Circuit Court ought to be

 AFFIRMED.