| 83 | 471 |
| 103 | 344 |

JOHN DULLARD, Appellant, v. MARY ANN PHELAN
*et al.*, Appellees.

1.  **Practice**: CONFESSION OF JUDGMENT ATTACKED FOR FRAUD: EQUIT-
    ABLE RELIEF: MOTION. A confession of judgment, alleged to have
    been made through collusion between the parties thereto for the
    purpose of defeating the claims of another upon the property of the
    judgment debtor, cannot, upon such grounds, be attacked by a
    motion, filed as in the same case before approval, and praying that
    the judgment of confession be held to be collusive, fraudulent and void,
    that the same be set aside, that an execution issued thereon be
    recalled, and for other equitable relief.

2.  **Confession of Judgment**: SUFFICIENCY OF STATEMENT. The
    statement, that the plaintiff having signed as security for the defend-
    ant for more than two thousand dollars, and that the defendant after-
    wards becoming unable to pay, the said plaintiff assumed and agreed
    to pay for and in behalf of the defendant a sum named, whereupon
    the defendant executed his certain promissory note in favor of the
    plaintiff, and delivered the same to him, in the sum aforesaid, and
    that said sum, including interest, is now justly due on said note, with
    said note attached thereto, properly identified, is sufficiently spe-
    cific to warrant an entry of judgment by confession for the amount of
    said note and interest.

3.  ———: ATTORNEY'S FEE. A judgment by confession is one entered
    without action, and such a judgment entered upon a promissory note
    providing for a "reasonable attorney's fee, if sued," will not
    authorize the taxation of an attorney's fee therein, either under said
    clause or the provisions of chapter 185 of Acts of the Eighteenth
    General Assembly.

*Appeal from Polk District Court.*—HON. W. F. CONRAD,
Judge.

FRIDAY, OCTOBER 16, 1891.

THIS is a proceeding on the part of Mary Ann
Phelan to have a judgment entered in favor of Dullard
on the confession of Michael Phelan disapproved and
vacated, and for other relief. From a judgment grant-
ing the relief demanded, Dullard appeals.—*Reversed.*

*Cole, McVey & Clark*, for appellant.

*Phillips, Day & Crosby*, for appellee, Mary Ann
Phelan.

ROBINSON, J.—On the ninth day of April, 1889, a
statement for a judgment by confession, made by
Michael Phelan in favor of John Dullard, for the sum
of twenty-three hundred and sixty-five dollars and
eighty-seven cents, an attorney's fee of seventy-seven
dollars and thirty cents, and costs, was filed in the
office of the clerk of the district court of Polk county,
and judgment was entered by the clerk on the confes-
sion.   On the same day an execution was issued on the
judgment directed to the sheriff of Jasper county, who
received it, and levied upon notes which belonged to
the execution defendant, of the par value of about
thirty-one hundred dollars.   On the tenth day of
April, 1889, and before the judgment was approved by
the court, Mary Ann Phelan, the wife of Michael, filed
in the case a paper which was entitled a "motion,"
although in form and matter it was more in the nature
of a petition.   It alleged, in substance, that in the
preceding month she had filed in the same court a
petition for a divorce from Michael Phelan, and for the
allowance of alimony, and that it was still pending;
that her husband was the owner of about eight hun-
dred acres of land in Polk and Jasper counties, upon
which there were large incumbrances, and in which she
is entitled to dower; that he was desirous of defeating
her right of dower, and of placing the land beyond the
reach of any decree or process of court, to the end that
he might avoid the payment of alimony or other allow-
ance to her, and might defraud her of her rights as his
wife; that to accomplish his purposes he had colluded
with Dullard for the rendition of the judgment in
question, and that it was entered in fraud of her

rights; that before the judgment entry was recorded execution was issued and delivered to the sheriff of Jasper county; that unless it is recalled great and irreparable damage will result to her. The paper further alleges that the statement on which the judgment was entered was insufficient in not showing concisely the facts out of which the alleged indebtedness arose, and in not showing that the amount confessed was justly due. The relief asked is that the confession of judgment be held to be collusive, fraudulent and void, and that the same be set aside; that the said execution be at once recalled, and that no other execution or other process issue upon said judgment confession, "and for all such other further or different relief, as in equity she may be found entitled to." When the motion came on for hearing Dullard objected to the proceedings on the ground that the questions presented as to the validity of the judgment could not be determined on motion, but only by a bill in equity or by a proceeding before a jury. The objections were overruled, and a hearing was had chiefly on affidavits and the testimony of witnesses examined in open court. After the evidence had been fully submitted, the court adjudged that its approval should be withheld from the judgment; that it be set aside, and declared void and of no effect; that the sheriff of Jasper county refrain from selling property levied upon under the execution issued to him; and that he release the same and return the execution.

I. The appellant contends that Mrs. Phelan could not attack the judgment by motion. The statute

1. PRACTICE: confession of judgment attacked for fraud: equitable relief: motion.

authorizes the allowance of an attachment at the instance of the wife, who is suing for a divorce and alimony against the property of her husband. Code, sec. 2227. And upon a proper showing she will be entitled to an injunction to restrain the husband from dispos-

ing of his property until the final disposition of the
action. *Wharton v. Wharton*, 57 Iowa, 696. Whether
the wife can also maintain an action to set aside a judg-
ment rendered collusively and in fraud of her rights,
as the one in controversy is alleged to have been, is a
question we cannot determine on this appeal. The
statute authorizes a judgment by confession without
action. Code, sec. 2894. When a proper statement in
writing, duly signed and verified, is filed, it is the duty
of the clerk to enter judgment for the amount con-
fessed and to issue execution as in other cases. Code,
sec. 2897. Such judgments are to be signed by the
judge, and when entered in vacation should be
approved and signed at the next term. Code, secs.
176, 177; *Kendig v. Marble*, 58 Iowa, 531. The statute
in regard to signing the record is directory, and a
failure to sign does not vitiate the judgment. *Vanfleet
v. Phillips*, 11 Iowa, 560; *Childs v. McChesney*, 20 Iowa,
434; *Traer v. Whitman*, 56 Iowa, 445.

It follows that the judgment in question was valid
until set aside by the district court. Mrs. Phelan, in
attacking it, not only objected to its approval, but
asked that it be vacated on the ground that it was
fraudulently rendered to her prejudice. To grant the
relief she demanded, it was necessary for the court, in
effect, to find and adjudge that she had a subsisting
interest in the property specified in her motion, or a
right to have it, or some portion of it, appropriated for
her benefit; that the judgment would or might injuri-
ously affect such interest or right, or some other right;
and that it was rendered fraudulently or upon an insuf-
ficient showing. Such an adjudication would neces-
sarily be final as to the rights involved, and a
"judgment," within the meaning of the law. Code,
sec. 2849; *Smith v. Shawhan*, 37 Iowa, 534.

Had Mrs. Phelan sought to intervene in the case
before judgment was rendered, she could have done so,

if at all, only by petition. Code, secs. 2683–2685.
The relief she demanded was equitable, and, if allow-
able, could only be granted on petition, after opportu-
nity to the parties adversely interested to file pleadings
and make defense, as in an equitable action. "A
motion is a written application for an order." Code,
sec. 2911. It does not ordinarily seek a final adjudica-
tion of a controverted matter. We have said that the
paper filed by Mrs. Phelan was in form and matter
more like a petition than it was like a motion, but that
fact cannot aid her on this appeal, for the reason that
the paper was treated and heard as a motion against the
objections of the appellant, although the relief granted
was in the form of a judgment. The appellant was
denied the right of trying the case in the manner pro-
vided by law, and of that he justly complains.

II. The appellee insists that the statement on
which the judgment by confession was founded was

2. CONFESSION of
judgment:
sufficiency of
statement.

not sufficiently specific to authorize the
entry of judgment. If that be true, the
judgment from which this appeal is taken
should be affirmed, for it was within the power of the
court to disapprove the judgment on its own motion,
and the fact that it did so at the request of a stranger
to the record would not vitiate its action. But
we think the claim of the appellee is not well
founded, except as to the attorney's fee. The state-
ment for judgment recites that Michael Phelan is justly
indebted to Dullard in the sum of twenty-three hun-
dred and sixty-five dollars and eighty-seven cents, and
that the indebtedness arose as follows: "The plaintiff
having signed as security for the defendant for more
than two thousand dollars, and the defendant after-
wards becoming unable to pay, the said Dullard, plain-
tiff, assumed and agreed to pay, for and in behalf of
defendant, the sum of twenty-three hundred and sixty-
five dollars and eighty-seven cents; whereupon the

defendant executed his certain promissory note in favor of plaintiff, and delivered the same to him, in the sum of twenty-three hundred and sixty-five dollars and eighty-seven cents. * * * Affiant says the sum of twenty-three hundred and sixty-five dollars and eighty-seven cents, including interest, is now justly due on said note." The note is dated March 23, 1889, is attached to the statement, and is properly identified. We think this states concisely the facts out of which the indebtedness arose, within the meaning of section 2896 of the Code. *Kendig v. Marble,* 58 Iowa, 530; *Miller v. Clarke,* 37 Iowa, 328; *Daniels v. Claflin,* 15 Iowa, 153; *Plummer v. Douglas,* 14 Iowa, 70; *Vanfleet v. Phillips,* 11 Iowa, 559.

The agreement of Dullard to assume and pay the indebtedness for which he had been surety was on its face a sufficient consideration for the note upon which the confession was founded. It is true the creditors might elect to proceed against Phelan, and collect their claims of him; but that fact would not release Dullard from his obligation. If he failed to perform it, Phelan would have a claim against him for his failure.

But we think the allowance of an attorney's fee was unauthorized. The note provides for the payment

**3. ——: attorney's fee.** of a "reasonable attorney's fee if sued." The statement confessed that the amount of the note was due "together with attorney's fees as provided in said note." The words "suit" and "action," as applied to legal proceedings, are synonymous terms. 2 Bouvier's Law Dictionary, tit. "Suit;" Webster's Dictionary. The filing of a statement for and the entering of judgment is not an action or suit, within the meaning of the law. A judgment by confession is one entered without action. Code, sec. 2894. Therefore, by the terms of the note, no attorney's fee was due. No doubt the clerk, in entering judgment for such a fee, supposed he was authorized to do so by

chapter 185, Acts of the Eighteenth General Assembly. The title of the act shows that it relates to the taxation of attorney's fees in suits on written contracts in certain cases.    Section 1 limits the amount of attorney's fees "in any action upon a written contract for the payment of money," made after the taking effect of the act. Section 2 provides that no fee shall be allowed, "if suit has not been commenced or expense incurred." The act does not authorize the taxation of an. attorney's fee when a judgment is rendered by confession, and when, as in this case, there is no showing that expense has been incurred.    The clause in the statement in relation to an attorney's fee did not vitiate the confession, for the reason that it referred to the provision in the note in regard to an attorney's fee, and according to that none was due.    The clerk should have treated that part of the statement as surplusage, and entered judgment for the amount of the note and costs.    If no question had been raised as to the validity of the judgment, the court should have amended it by striking therefrom the allowance of an attorney's fee, and it should then have been approved and signed.    Code, secs. 177, 178.    But the court evidently acted upon the claims made by the appellee, and set the entire judgment aside.

What we have said is without prejudice to any right Mrs. Phelan may have to attack the judgment against her husband in a proper manner.    Whether she may do so by petition is a question not presented to us, and is not determined.    The appellant insists that she cannot obtain the relief she demands by motion. The appellee has not in any manner discussed the question as to her right to attack the judgment by motion or otherwise.    For the reasons indicated the judgment of the district court is REVERSED.